IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| TELENOR SATELLITE SERVICES, INC.<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 05-528C<br>(Judge Baskir) |

DEFENDANT'S ANSWER

For its answer to the complaint, defendant admits, denies, and alleges as follows:

1. The allegations contained in paragraph 1 constitute plaintiff's characterization of its case, to which no answer is required. To the extent they may be deemed allegations of fact, admits the allegations contained in the first and third sentences of paragraph 1; otherwise denies.

2. The allegations contained in paragraph 2 constitute conclusions of law, to which no answer is required. To the extent they may be deemed allegations of fact, they are denied.

3. Denies the allegations contained in paragraph 3 for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted.

4. Admits the allegations contained in paragraph 4 to the extent that matters at issue in this case include actions by officials of the Department of State. Alleges that other matters may include members of the United States military acting in official and unofficial capacities.

5. Admits the allegations contained in the first sentence of paragraph 5 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies. The allegations contained in the second sentence of paragraph 5 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

6. Admits the allegations contained in paragraph 6 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies.

7. The allegations contained in paragraph 7 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

8. Admits the allegations contained in paragraph 8.

9. Admits the allegations contained in paragraph 9 that the Department of State left two Telenor terminals in the possession of the

Army's 354th Civil Affairs Brigade; otherwise denies the allegations contained in paragraph 9.

10. Admits the allegations contained in the first sentence of paragraph 10 that the equipment was used to make satellite communications for purposes other than the DART pilot program and after the specified period of use; otherwise denies the allegations contained in the first sentence of paragraph 10. Denies the allegations contained second and third sentences of paragraph 10 for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted. Admits the allegations contained fourth sentence of paragraph 10.

11. Admits the allegations contained in paragraph 11 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies.

12. Admits the allegations contained in paragraph 12 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies.

13. Admits the allegations contained in the first sentence of paragraph 13 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies. The allegations contained

second sentence of paragraph 13 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

14. The allegations contained in paragraph 14 constitute conclusions of law, to which no answer is required. To the extent they may be deemed allegations of fact, they are denied.

15. Admits the allegations contained in the first sentence of paragraph 15 that the Army investigated the use of the equipment; otherwise admits the allegations contained in the paragraph 15 to the extent supported by the report cited, which is the best evidence of its contents; otherwise denies.

16. Admits the allegations contained in the paragraph 16 to the extent supported by the exhibit cited, which is the best evidence of its contents; otherwise denies.

17. The allegations contained in paragraph 17 constitute conclusions of law, to which no answer is required. To the extent they may be deemed allegations of fact, they are denied.

18. The allegations contained in paragraph 18 constitute conclusions of law, to which no answer is required. To the extent they may be deemed allegations of fact, they are denied.

19. Defendant's responses to paragraphs 1 through 18 of the complaint are incorporated by reference.

20. The allegations contained in paragraph 20 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required. To the extent they may be deemed allegations of fact, they are denied.

21. The allegations contained in paragraph 21 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required. To the extent they may be deemed allegations of fact, they are denied.

22. Denies that plaintiff is entitled to the relief set forth in the requests for relief immediately following paragraph 21, or to any relief whatsoever.

23. Denies each and every allegation not previously admitted or otherwise qualified.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Patricia M. McCarthy
PATRICIA M. MCCARTHY
Assistant Director

s/Timothy P. McIlmail
TIMOTHY P. MCILMAIL
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20005
Telephone: (202) 307-0361
Facsimile: (202) 514-7965

OF COUNSEL:
DENNIS J. GALLAGHER
Assistant Legal Adviser
Department of State

June 24, 2005

Attorneys for Defendant

Certificate of Filing

I hereby certify that on June 24, 2005, a copy of the foregoing Defendant's Answer was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Timothy P. McIlmail