IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| TELENOR SATELLITE SERVICES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05-528C |
| | ) | (Judge Baskir) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

JOINT PRELIMINARY STATUS REPORT

Pursuant to the Rules of the United States Court of Federal Claims ("RCFC"), Appendix A, the parties submit this Joint Preliminary Status Report.

a. Does the Court have jurisdiction over the action?

Plaintiff, Telenor Satellite Services, Inc., asserts jurisdiction pursuant to 41 U.S.C. § 601. Defendant, the United States questions whether a contract existed between plaintiff and the Government that confers jurisdiction upon the Court.

b. Should the case be consolidated with any other case and the reasons therefor?

The case should not be consolidated with any other case.

c. Should the trial of liability and damages be bifurcated and the reasons therefor?

The trial of liability and damages should not be bifurcated.

d. Should further proceedings in this case be deferred pending consideration of another case before this Court or any other tribunal and the reasons therefor?

Further proceedings in this case should not be deferred pending consideration of any other case before this Court or any other tribunal.

e. Will a remand or suspension be sought and the reasons therefor and the proposed duration?

A remand or suspension will not be sought.

f. Will additional parties be joined?

Additional parties will not be joined.

g. Does either party intend to file a motion pursuant to RCFC 12(b), 12(c), or 56 and, if so, what is a proposed schedule for the intended filing?

The Government may file a motion pursuant to RCFC 12(b)(1) to dismiss this case for lack of subject matter jurisdiction. Plaintiff may file a motion pursuant to RCFC 56 following the completion of all fact and expert discovery. The parties propose January 13, 2006 as the deadline for the filing of any RCFC 12(b)(1) or 56 motions, then the filing of responses and replies pursuant to the Court's rules.

h. What are the relevant factual and legal issues?

Telenor believes that the issues are as follows:

1. Whether the United States breached its bailment contract with Telenor (although this appears to be conceded in government documents attached to the complaint).

2. The appropriate damages for the government's breach (although Telenor believes those are measured by Telenor's standard charges for the unauthorized usage).

Telenor has made its initial disclosures of documents per RCFC 26(c)(1) as exhibits attached to its Complaint.

Defendant identifies the following factual and legal issues:

1. Whether a contract existed between plaintiff and the United States that confers jurisdiction upon this Court to entertain plaintiff's claims.

2. Whether the United States Department of State Foreign Affairs Research Analyst with whom plaintiff alleges it contracted upon behalf of the Government (and whose position description is appended to this report) possessed the authority to bind the Government.

3. If a contract existed between plaintiff and the Government with respect to use of plaintiff's communications equipment, what were the terms

of that contract?

4. If a contract existed between plaintiff and the Government with respect to use of plaintiff's communications equipment, did the Government breach that contract?

5. If the Government breached its contract with plaintiff, to what damages, if any, is plaintiff entitled?

i. What is the likelihood of settlement? Is alternative dispute resolution contemplated?

This case has been assigned to the Court's ADR Pilot Program. Pursuant to General Order No. 40, the parties anticipate that the ADR Judge will endeavor to schedule an Early Neutral Evaluation conference within 30 days of the filing of this report.

j. Do the parties anticipate proceeding to trial? Does any party, or do the parties jointly, request expedited trial scheduling? What is the requested place of trial?

Plaintiff anticipates that the case will proceed to trial if not disposed of by motion or resolved through settlement. Plaintiff requests Washington, D.C. as the place for trial. Defendant anticipates that the case will not proceed to trial, but requests Washington, D.C. as the place for trial in the event of trial, and does not request expedited trial scheduling.

k. Are there special issues regarding electronic case management needs?

There are no special issues regarding electronic case management needs.

l. Is there other information of which the Court should be aware at this time?

There is no other information of which the Court should be aware at this time.

Discovery Plan:

1. The parties propose October 31, 2005, as the deadline for responses to written discovery requests;
2. The parties propose December 16, 2005, as the deadline for the taking of depositions;
3. The parties propose January 17, 2006, as the deadline for exchange of witness and exhibit lists.

Prior to the filing of this Joint Preliminary Status Report, counsel for plaintiffs read this Joint Preliminary Status Report, and consented to its electronic filing.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Patricia M. McCarthy
by s/Kathryn A. Bleecker
PATRICIA M. MCCARTHY
Assistant Director

s/Frederick W. Claybrook, Jr.
FREDERICK W. CLAYBROOK, JR.
Crowell & Moring LLP
1001 Penn. Ave., N.W.
Washington, D.C. 20004-2595
(202) 624-2500

Attorney for Plaintiff

August 10, 2005

s/Timothy P. McIlmail
TIMOTHY P. MCILMAIL
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Telephone: (202) 307-0361
Facsimile: (202) 514-7965

OF COUNSEL:
DENNIS J. GALLAGHER
Assistant Legal Adviser
Department of State

Attorneys for Defendant

August 10, 2005

Certificate of Filing

I hereby certify that on August 10, 2005, a copy of the foregoing Joint Preliminary Status Report was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Timothy P. McIlmail