# Attachment B
# to Telenor's Proposed
# Findings of Uncontroverted Fact

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| TELENOR SATELLITE SERVICES, INC., Plaintiff, v. UNITED STATES, Defendant. | No. 05-528C Baskir, J. |

AFFIDAVIT OF LAWRENCE PAUL

County of Montgomery )
) ss.
State of Maryland )

The affiant, Lawrence Paul, being duly sworn, states as follows:

1. I am the Director, Business Development, of Telenor Satellite Services, Inc. My offices are in the company headquarters in Rockville, Maryland, and I have held this position during the entire period related to this action. I have firsthand knowledge of what I state in this affidavit.

2. I was the principal Telenor business contact of the Department of State with respect to the USAID Disaster Assistance Response Team (DART) pilot program in Iraq. Telenor was requested to provide satellite communications equipment (four GAN terminals) to the Department of

State to allow access to high-speed data (internet) and voice satellite communications, at no charge, for humanitarian purposes to support the DART pilot program in Iraq for two months.

3. I met and spoke with Department of State representatives on several occasions with respect to the DART pilot program. In particular, I met with Mr. Reid A. Daugherity of the Department of State, Bureau for Intelligence and Research. Mr. Daugherity represented himself to be the leader of the DART pilot program for the State Department. Mr. Daugherity informed me that his upper-level supervisors, including Deputy Assistant Secretary for Analysis and Information Management, Mr. William Wood, supported the DART pilot program and Telenor's participation in it.

4. I told Mr. Daugherity that Telenor was willing to cooperate in the DART pilot program under the following conditions:

(a) the Telenor equipment would be used for the DART pilot program only;

(b) the equipment would be used only for two months and then returned to Telenor;

(c) that use after two months would need to be authorized by Telenor; and

(d) Telenor needed the terms of the agreement put in writing by the Department of State.

5. On March 13, 2003, Mr. Daugherity came to the Telenor offices for training on the Telenor satellite communications equipment. Mr. Daugherity delivered to me an agreement signed by himself dated March 12, 2003, on U.S. State Department letterhead, in which he set out the terms of agreement as I had previously requested. This letter is Attachment A to the Complaint.

6. On March 17, 2003, I attended a meeting at the Department of State in the office of Deputy Assistant Secretary Wood. Mr. Wood, Mr. Daugherity, and others were present at the meeting. (Mr. Daugherity had not yet left with the equipment for Iraq.) Mr. Wood at that meeting expressed his knowledge of Telenor's participation in the DART program and expressed his appreciation and approval of that participation. We discussed expressly that Mr. Daugherity would be taking Telenor's equipment to Iraq for the exclusive purpose of the DART program for two months and that Telenor had agreed to this participation upon the conditions stated in Mr. Daugherity's March 12 letter.

7. On or about March 21, 2003, we packed up the four GAN terminals and had them delivered to Mr. Daugherity, who took custody of them so he could take them to Iraq.

8. On May 11, 2004, Telenor's General Counsel, Barbara Spencer, and I met with Mr. Dennis J. Gallagher, an attorney with the State Department. Ms. Spencer and I explained the situation to him, including that we had previously invoiced Mr. Daugherity for the unauthorized use, which Telenor had done at its standard published service rates, and that we desired prompt payment. (Attachment B to the Complaint.). We stated that the amounts involved were too large for Telenor to ignore, but that we hoped to avoid suing the State Department with his assistance. Mr. Gallagher said he would investigate the matter and get back to Ms. Spencer with the State Department position, which he then did by his letter of June 9, 2004. (Attachment C to the Complaint.)

Further affiant saith not.

Lawrence Paul

Sworn to and subscribed
before me on this 1
day of December 2005.

Notary Public
April Reva de Bremond
My Commission Expires
April 1, 2008.