IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| TELENOR SATELLITE SERVICES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05-528C |
| | ) | (Judge Baskir) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

# DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT AND RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT


PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

PATRICIA M. MCCARTHY
Assistant Director

TIMOTHY P. MCILMAIL
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20005
Telephone: (202) 514-4325
Facsimile: (202) 514-7965


January 6, 2006

Attorneys for Defendant

# TABLE OF CONTENTS

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT AND RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT . . 1

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE QUESTION INVOLVED . . . . . . . . . . . . . . . . . . . . 2

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

I. The Person With Whom Telenor Allegedly Contracted Did Not Possess Authority To Bind The Government In Contract . . . . 3

II. Telenor Fails To Establish That The Person With Whom It Allegedly Contracted Possessed Contracting Authority . . . . . 5

A. A Government Employee's Position Description Is Not A Source Of Express Actual Contracting Authority . . . . . . 5

B. The Doctrine Of Implied Actual Contracting Authority Does Not Apply To This Case . . . . . . . . . . . . . . . . . . . . 5

C. Even If The Doctrine Of Implied Actual Contracting Authority Applied To This Case, Contracting Authority Is Not Integral To The Duties Of The Person With Whom Telenor Allegedly Contracted . . . . . . . . . . . . . . . . . . . . . 7

D. The Statement Of A State Department Lawyer Is Not Relevant To Whether A State Department Employee Possesses Contracting Authority . . . . . . . . . . . . . . . . . 11

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

# TABLE OF AUTHORITIES

## CASES

Arizona v. United States,
216 Ct. Cl. 221, 575 F.2d 855 (1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Berner v. British Commonwealth Pacific Airlines, Ltd.,
346 F.2d 532 (2d Cir. 1965) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

California Sand & Gravel, Inc. v. United States,
22 Cl. Ct. 19 (1990), aff'd, 937 F.2d 624 (Fed. Cir.1991) . . . . . . . . . . . . . 6

Dolmatch Group, Ltd. v. United States,
40 Fed. Cl. 431 (1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Eliel v. United States,
18 Cl. Ct. 461 (1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Fifth Third Bank of Western Ohio v. United States,
402 F.3d 1221 (Fed. Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

H. Landau & Co. v. United States,
886 F.2d 322 (Fed. Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

International Paper Co. v. United States,
36 Fed. Cl. 313 (1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

**Janowsky v. United States,**
**133 F.3d 888 (Fed. Cir. 1998)** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 11

Khairallah v. United States,
43 Fed. Cl. 57 (1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Leonardo v. United States,
63 Fed. Cl. 552 (2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Leonardo v. United States,
60 Fed. Cl. 1262 (2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

**Mil-Spec Contractors, Inc. v. United States,**
**835 F.2d 865 (Fed. Cir. 1987)** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Perri v. United States,
53 Fed. Cl. 381 (2002),
aff'd, 340 F.3d 1337 (Fed. Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

**Sam Gray Enterprises, Inc. v. United States,**
**43 Fed. Cl. 596 (1999), aff'd on other grounds,**
**250 F.3d 755 (Fed. Cir. 2000) (table)** . . . . . . . . . . . . . . . . . . . . . . . . . 4, 7

Tracy v. United States,
55 Fed. Cl. 679 (2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

United States v. D.K.G. Appaloosas, Inc.,
630 F. Supp. 1540 (E.D. Tex. 1986),
aff'd, 829 F.2d 532 (5th Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

STATUTES

28 U.S.C. § 516 (2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

41 U.S.C. § 601, et seq. (2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

41 U.S.C. § 605 (2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

RULES

RCFC 56(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3-4

TREATISES

8A Am. Jur. 2d Bailments § 28 (1997) . . . . . . . . . . . . . . . . . . . . . . . . . . 8

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| TELENOR SATELLITE SERVICES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05-528C |
| | ) | (Judge Baskir) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT AND RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Defendant, the United States, requests that the Court deny the motion for summary judgment upon the issue of authority filed by plaintiff, Telenor Satellite Services, Inc. ("Telenor"), and enter judgment in favor of the Government in this action.

## INTRODUCTION

Telenor claims that it entered a contract with an employee of the United States Department of State that requires the Government to pay it over $378,000. Telenor, however, fails to establish the existence of a contract with the United States; more specifically, it fails to establish that the State Department employee with whom it allegedly contracted possessed authority to bind the United States in contract. In fact, the State Department employee with whom Telenor allegedly contracted is a foreign affairs research analyst who has never possessed contracting authority.

## STATEMENT OF THE QUESTION INVOLVED

Whether a State Department Foreign Affairs Research Analyst possessed the authority to bind the Government to a contract that allegedly requires it to pay over $378,000 in satellite communications services.

## STATEMENT OF THE CASE

Reid A. Daugherity is an employee of the Department of State. Appendix To Defendant's Cross-Motion For Summary Judgment And Response To Plaintiff's Motion For Summary Judgment ("App.") 3 ¶ 1. On March 12, 2003, Mr. Daugherity signed a letter addressed to "Ms. Horncastle." App. 5-6 ¶ 10; 8. The letter states that it "is to confirm receipt and provisos of operations regarding all equipment provided by Telenor for the USAID Disaster Assistance Response Team (DART) pilot program." App. 8. The letter further states that "[i]n the event that the [equipment] should be used for other purposes Telenor will provide service to the user at agreed upon service rates." Id. On June 9, 2004, Dennis J. Gallagher, a State Department lawyer, wrote a letter to Telenor regarding Mr. Daugherity's signing of the March 12, 2003 letter. Complaint ("Compl.") Attachment C. Telenor alleges that the letter reflects the existence of a bailment contract with the Government that requires the

payment to Telenor of $378,660.89, plus interest, for satellite communication services. Compl. ¶¶ 2, 5, 11, p.7 ¶ 1.

Mr. Daugherity, however, is a Foreign Affairs Research Analyst in the State Department's Bureau of Intelligence and Research. App. 3 ¶ 1. As his title indicates, his primary duties are to provide intelligence analysis to the State Department. App. 3 ¶ 2. His position description was drafted to allow him to participate in foreign policy negotiations, App. 12 ¶ 5, plan and execute internal Government projects and meet internal Government deadlines, App. 14 ¶ 7, and act as a resource for information. App. 15 ¶ 9. The State Department has never delegated, or intended to delegate, contracting authority to Mr. Daugherity. App. 1-2 ¶ 3; 9 ¶ 4; 11 ¶ 3; 12 ¶ 5; 14 ¶ 7; 15 ¶ 9.

## ARGUMENT

### I. The Person With Whom Telenor Allegedly Contracted Did Not Possess Authority To Bind The Government In Contract

The Court should deny Telenor's motion and enter summary judgment in favor of the Government because Mr. Daugherity did not possess authority to bind the Government in contract. Summary judgment is appropriate when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Rule 56(c) the

Rules of the United States Court of Federal Claims. A purported agreement with the United States is not binding unless the other party can show that the official with whom the agreement was made possessed authority to bind the Government. Mil-Spec Contractors, Inc. v. United States, 835 F.2d 865, 867 (Fed. Cir. 1987).

Telenor claims that its agreement was through Mr. Daugherity, but Mr. Daugherity is a Foreign Affairs Research Analyst who has never possessed authority to bind the Government in contract. App. 1-2 ¶ 3; 9 ¶ 4; 11 ¶ 3. Because Mr. Daugherity has never possessed authority to bind the Government in contract, his March 12, 2003 letter does not reflect the existence of a contract with the Government. Consequently, there is no genuine dispute as to any material fact, and the Government is entitled to judgment in this action as a matter of law. Cf. Sam Gray Enters., Inc. v. United States, 43 Fed. Cl. 596, 605 (1999) (granting summary judgment in favor of Government where Government employee with whom plaintiff allegedly made agreement did not possess contracting authority), aff'd on other grounds, 250 F.3d 755 (Fed. Cir. 2000) (table). Accordingly, the Court should enter summary judgment in favor of the Government.

## II. Telenor Fails To Establish That The Person With Whom It Allegedly Contracted Possessed Contracting Authority

### A. A Government Employee's Position Description Is Not A Source Of Express Actual Contracting Authority

The Court should deny Telenor's motion for summary judgment upon the issue of Mr. Daugherity's authority because Telenor fails to establish that Mr. Daugherity possessed contracting authority. Telenor argues that language in Mr. Daugherity's position description constitutes express authority to contract. Telenor's Brief In Support Of Its Motion For Partial Summary Judgment Re Authority ("Pl. Mot.") at 8. Government employees, however, hold express actual authority to bind the Government in contract only when the Constitution, a statute, or a regulation grants them such authority in unambiguous terms. Leonardo v. United States, 63 Fed. Cl. 552, 557 (2005). Language in a Government employee's position description does not constitute express actual contracting authority. See id.

### B. The Doctrine Of Implied Actual Contracting Authority Does Not Apply To This Case

Telenor also argues that Mr. Daugherity possessed implied actual authority to bind the Government in contract. Pl. Mot. at 5, 10. A plaintiff must prove that the Government official with whom it allegedly contracted

possessed authority to bind the Government in contract. See Janowsky v. United States, 133 F.3d 888, 891 (Fed. Cir. 1998). As a predicate to a finding of implied actual authority, there must be, at the least, some limited, related authority upon which the Court can "administer" the law so as not to ignore the policies and decisions of those persons charged with managing government programs. California Sand & Gravel, Inc. v. United States, 22 Cl. Ct. 19, 27 (1990), aff'd, 937 F.2d 624 (Fed. Cir.1991).

For example, the Court may imply actual authority from a statute, see Arizona v. United States, 216 Ct. Cl. 221, 231, 575 F.2d 855, 861 (1978), from duties delegated to an official by an official with contracting authority, see H. Landau & Co. v. United States, 886 F.2d 322, 324 (Fed. Cir. 1989); cf. Fifth Third Bank of W. Ohio v. United States, 402 F.3d 1221, 1235-36 (Fed. Cir. 2005) (citing delegation of certain contracting authority to Federal Home Loan Bank-Cincinnati), or where an officer authorized to act on behalf of the Government empowers another official to act in his stead, see Eliel v. United States, 18 Cl. Ct. 461, 467 (1989) (discussing H. Landau), aff'd, 909 F.2d 1495 (Fed. Cir. 1990) (table). But if the Constitution, a statute, or a regulation does not grant contracting authority to a Government official and the official has not been delegated contracting

authority by someone with that authority, the Government official does not possess the authority to bind the Government in contract. See Sam Gray, 43 Fed. Cl. at 605.

Telenor fails to point to any constitutional provision, statute, or regulation that implies that Mr. Daugherity possessed contracting authority, and fails to identify anyone with contracting authority who may have impliedly delegated that authority to him. Therefore, Telenor fails to demonstrate that the doctrine of implied actual authority doctrine applies to this case.

C. Even If The Doctrine Of Implied Actual Contracting Authority Applied To This Case, Contracting Authority Is Not Integral To The Duties Of The Person With Whom Telenor Allegedly Contracted

Even if the implied actual authority doctrine applied to this case, Telenor does not demonstrate that entering into the type of contract that it alleges was integral to Mr. Daugherity's duties. A plaintiff asserting that a Government employee's duties imply contracting authority must establish that contracting authority is an integral part of the employee's duties. See H. Landau, 886 F.2d at 324. Contracting authority is not integral to a Government employee's duties where the employee could perform his assigned tasks without the authority to bind the Government to the type of

contract alleged. See Perri v. United States, 53 Fed. Cl. 381, 388 (2002), aff'd, 340 F.3d 1337 (Fed. Cir. 2003). In determining whether implied actual authority might exist, it is important to recognize the precise nature of the alleged contract. See Khairallah v. United States, 43 Fed. Cl. 57, 63 (1999).

According to Telenor, Mr. Daugherity's letter memorializes a bailment contract with a private company that requires the Government to pay for satellite communication services. A bailment contract provides that after the purpose for which property was delivered has been fulfilled, the property will be redelivered to the person who delivered it, otherwise dealt with according to the person's directions, or kept until the person reclaims it. See 8A Am. Jur. 2d Bailments § 28 (1997). (During the Court's November 10, 2005 status conference, we indicated that we intended to file a motion to dismiss this case for lack of jurisdiction for failure to submit a claim to a contracting officer. The Court ordered that such a motion be filed by January 6, 2006. At this time, however, we agree with Telenor that if the March 12, 2003 letter reflects a contract between Telenor and the Government, the contract was not governed by the Contract Disputes Act ("CDA"), 41 U.S.C. § 601, et seq. (2000). Accordingly, we do not, at this

time, intend to request that the Court dismiss this case for lack of subject matter jurisdiction for failure to submit a claim to a contracting officer pursuant to 41 U.S.C. § 605 (2000).) Mr. Daugherity's foreign intelligence analysis duties, however, do not require that he be able to enter into agreements with private companies. App. 4 ¶ 4; 11 ¶ 3; 14 ¶ 7; 15 ¶ 9.

Telenor points to language in Mr. Daugherity's position description indicating that Mr. Daugherity manages interagency information sharing, coordinates and carries out projects, maintains "contacts," participates in negotiations, and must possess skill in oral and written communication to negotiate agreements. Pl. Mot. at 8-9, 11-12. That language, however, refers to diplomatic agreements, internal Governmental projects, and serving as an informational resource. App. 11-15. None of that language establishes that borrowing private property or procuring satellite communication services from private companies is integral to Mr. Daugherity's duties as a foreign affairs research analyst. Indeed, language reflecting that a Government employee is responsible for managing and planning Government operations does not establish that the employee possesses contracting authority. Cf. Leonardo v. United States, 60 Fed. Cl. 126, 132 (2004) (holding that language reflecting that

Government employees were responsible for managing day-to-day operations of a Cultural Center and planning and organizing arts and cultural affairs activities there did not establish contracting authority for purposes of summary judgment). Nor does language indicating that a Government employee negotiates agreements establish contracting authority. Cf. Dolmatch Group, Ltd. v. United States, 40 Fed. Cl. 431, 438 (1998) (holding that Government employee did not possess implied actual authority even where job description provided that employee's duties included negotiating with prospective clients regarding terms of certain contractual agreements).

In fact, those who drafted Mr. Daugherity's position description never intended to suggest that he would have any contracting authority of any kind. App. 11 ¶ 3. For example, although Mr. Daugherity's authority includes participating in foreign policy negotiations, he does not posses the authority to sign any such agreements. App. 12. His authority to coordinate information and manage projects is designed to allow him to plan and execute internal Government projects and meet internal Government deadlines; not to contract upon behalf of the Government with private parties. App. 13-14. In addition, his duties relating to maintaining

"contacts" with various parties are designed to make Mr. Daugherity a source of information; not a person with whom private companies may execute Government contracts. App. 14-15 ¶¶ 8-9.

D. The Statement Of A State Department Lawyer Is Not Relevant To Whether A State Department Employee Possesses Contracting Authority

Mr. Gallagher's June 9, 2004 letter to Telenor is not relevant to whether Mr. Daugherity possessed authority to bind the Government in contract. Even where a Government employee purports to possess authority to bind the Government, the Government will not be bound unless the employee actually possesses that authority. Tracy v. United States, 55 Fed. Cl. 679, 682 (2003). It follows that even if, on June 9, 2004, Mr. Gallagher believed that Mr. Daugherity possessed the authority to bind the Government to a contract with a private company, the Government is not bound by any agreement that Mr. Daugherity made with Telenor unless he actually possessed that authority. See Janowsky, 133 F.3d at 891.

In addition, Mr. Gallagher's letter is not a binding judicial admission that Mr. Daugherity possessed the authority to bind the Government in contract. A judicial admission is an act done in the course of judicial proceedings. Int'l Paper Co. v. United States, 36 Fed. Cl. 313, 318 (1996).

Like the situation in United States v. D.K.G. Appaloosas, Inc., 630 F. Supp. 1540, 1564 (E.D. Tex. 1986), aff'd, 829 F.2d 532 (5th Cir. 1987), which Telenor cites (Pl. Mot. at 6-7), Mr. Gallagher's June 9, 2004 statement was not made in a pleading or in trial; indeed, the letter pre-dates Telenor's May 6, 2005 commencement of this action by nearly a year. Moreover, the conduct of litigation in which the United States is a party is reserved to officers of the Department of Justice, not the State Department. See 28 U.S.C. § 516 (2000). Even if a State Department attorney possessed authority to make a statement that binds the United States in litigation, Mr. Gallagher's out-of-court statement does not approach the formality or conclusiveness that might be required to bind the Government. Cf. Berner v. British Commonwealth Pac. Airlines, Ltd, 346 F.2d 532, 542 (2d Cir. 1965) (holding that counsel's statement in argument to jury did not have "sufficient formality or conclusiveness" to be a judicial admission).

## CONCLUSION

For the foregoing reasons, the Government requests that the Court deny Telenor's motion for summary judgment upon the issue of authority, and enter summary judgment in this action in favor of the Government.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Patricia M. McCarthy
PATRICIA M. MCCARTHY
Assistant Director

s/Timothy P. McIlmail
TIMOTHY P. MCILMAIL
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20005
Telephone: (202) 514-4325
Facsimile: (202) 514-7965

January 6, 2006

Attorneys for Defendant

Certificate of Filing

I hereby certify that on January 6, 2006, a copy of the foregoing Defendant's Cross-Motion For Summary Judgment And Response To Plaintiff's Motion For Summary Judgment was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Timothy P. McIlmail