IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| TELENOR SATELLITE SERVICES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05-528C |
| | ) | (Judge Baskir) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

APPENDIX TO DEFENDANT'S
CROSS-MOTION FOR SUMMARY JUDGMENT AND
RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

PATRICIA M. MCCARTHY
Assistant Director

TIMOTHY P. MCILMAIL
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20005
Telephone: (202) 514-4325
Facsimile: (202) 514-7965

January 6, 2006

Attorneys for Defendant

# TABLE OF CONTENTS

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

CHRONOLOGY OF EVENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

LIST OF SIGNIFICANT PERSONS . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

GLOSSARY OF UNUSUAL TERMS . . . . . . . . . . . . . . . . . . . . . . . . . . . vi

Declaration of Corey M. Rindner, January 3, 2006 . . . . . . . . . . . . . . . . . . 1

Declaration of Reid A. Daugherity, January 4, 2006 . . . . . . . . . . . . . . . . . 3

Declaration of Lee Schwartz, January 4, 2006 . . . . . . . . . . . . . . . . . . . . . 9

Declaration of Steven Halter, January 4, 2006 . . . . . . . . . . . . . . . . . . . . 11

# CHRONOLOGY OF EVENTS

| | |
|---|---|
| February 1994 | Reid A. Daugherity assumes position of Foreign Affairs Research Analyst in the Office of the Geographer and Global Issues, Bureau of Intelligence and Research ("I&R"), United States Department of State. |
| November 2002 | Mr. Daugherity volunteers to participate in the United States Agency for International Development's ("USAID") Disaster Assistance Response Team ("DART") being planned to go into Iraq. |
| January 2003 | Deputy Assistant Secretary of State for Analysis and Information Management William Wood informs Mr. Daugherity that an arrangement for a pilot project had been reached with Michael Gray of Global Relief Technologies. |
| March 12, 2003 | Acting Director of the Office of the Geographer and Global Issues Lee Schwartz directs Mr. Daugherity to attend meeting regarding the pilot project. |
| | Mr. Daugherity meets with Mr. Gray, and Larry Paul and Brit Horncastle of Telenor Satellite Services, Inc. |
| | Mr. Paul provides Mr. Daugherity the text of a letter, on blank paper, addressed to Ms. Horncastle, regarding the use of Telenor's equipment during the DART pilot project. |
| | Mr. Daugherity signs the letter. |
| | At Mr. Paul's request, Mr. Daugherity copies the text of the letter onto Department of State letterhead and serves the letterhead version of the |

| | |
|---|---|
| | letter to Telenor via facsimile. |
| March 21, 2003 | Mr. Daugherity travels to Kuwait and is detailed to DART. |
| June 26, 2003 | Telenor submits an invoice to the United States Department of State for $378,660.89 for satellite telecommunication services. |
| June 9, 2004 | Dennis J. Gallagher, Legal Adviser, United States Department of State, writes letter to Telenor regarding Mr. Daugherity. |
| May 6, 2005 | Telenor commences Case No. 05-528C in the United States Court of Federal Claims. |

# LIST OF SIGNIFICANT PERSONS

Reid A. Daugherity
Foreign Affairs Research Analyst
Office of the Geographer and Global Issues
Bureau of Intelligence and Research
United States Department of State

Lee Schwartz
Acting Director
Office of the Geographer and Global Issues
Bureau of Intelligence and Research
United States Department of State

William Wood
Deputy Assistant Secretary of State for Analysis and Information Management
United States Department of State
(deceased)

Dennis J. Gallagher
Assistant Legal Adviser
Building and Acquisitions
United States Department of State

Corey M. Rindner
Procurement Executive
United States Department of State

Steven Halter
Supervisory Human Resources Specialist
Bureau of Intelligence and Research
United States Department of State

Michael Gray
Global Relief Technologies

Larry Paul
Director
Business Development
Telenor Satellite Services, Inc.

Brit Horncastle
Telenor Satellite Services, Inc.

Barbara L. Spencer
General Counsel
Telenor Satellite Services, Inc.

# GLOSSARY OF UNUSUAL TERMS

DART Disaster Assistance Response Team

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| TELENOR SATELLITE SERVICES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 05-528C<br>(Judge Baskir) |

DECLARATION OF COREY M. RINDNER

1. I am employed as the Procurement Executive of the United States Department of State. As the Procurement Executive, I am the senior official responsible for the overall leadership of the procurement and grants functions for the Department of State. My office, the office of the Procurement Executive (A/OPE), is responsible for delegating contracting and grant authority to Department of State employees.

2. Contracting and grant authority for the Department of State is normally delegated in writing through a contracting officer's warrant or a grants officer's warrant. Each warrant issued is specific to the individual. The individual must have a qualifying job position and must undergo personal qualification, including special training, to receive a warrant. The authority granted in a warrant cannot be re-delegated.

3. A/OPE maintains a system for tracking contracting and grants

warrants issued by the Procurement Executive. This system has been used by A/OPE since the mid-1990s. Mr. Reid Daugherity of the Intelligence and Research Bureau (INR) of the Department of State did not have any type of contract authority in 2003 and does not have such authority now.

I declare under penalty of perjury that the foregoing is true and correct. Executed on January 3, 2006.

Corey M. Rindner

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| TELENOR SATELLITE SERVICES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05-528C |
| | ) | (Judge Baskir) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DECLARATION OF REID A. DAUGHERITY

I, Reid A. Daugherity, under penalty of perjury pursuant to 28 U.S.C. § 1746, declare:

1. I am a Foreign Affairs Research Analyst in the Office of the Geographer and Global Issues, Bureau of Intelligence and Research ("INR"), United States Department of State. I have held this position since February 1994.

2. My duties are to carry out current and in-depth intelligence analysis of complex emergencies and humanitarian crises, brief senior policy makers at the Department of State regarding those impending and current emergencies and crises, coordinate intelligence community products with the United States intelligence community, and monitor multilateral and geopolitical issues to determine where and when a humanitarian crisis might arise.

3. I perform my duties both inside and outside the United States.

4. I have never been required in the performance of my position responsibilities to execute contractual agreements with private companies upon behalf of the Department of State, nor have I ever understood myself to have that authority.

5. I have never executed any such agreements knowingly.

6. In November 2002, I volunteered to participate in the United States Agency for International Development's ("USAID") Disaster Assistance Response Team ("DART") that was being planned to go into Iraq. My detail to USAID was arranged through the Population, Refugees and Migration Bureau ("PRM") of the Department of State, and was approved by my supervisor, Lee Schwartz, the Acting Director of the Office of the Geographer and Global Issues. I volunteered for the DART team after PRM inquired of INR whether anyone in INR was willing to fill one of their slots on the DART.

7. In January 2003, I was informed by (then and now deceased) INR Deputy Assistant Secretary of State for Analysis and Information Management William Wood that an arrangement for a pilot project had been reached with Michael Gray of a consortium called Global Relief Technologies. Deputy Assistant Secretary Wood explained to me that the

pilot project's objective was to use satellite transmission to get humanitarian data (in the form of multiple completed humanitarian data forms) from Iraq to Washington, D.C., for real time compilation and analysis. Dr. Wood informed me that I would be responsible for testing this concept while serving on the DART.

8. Deputy Assistance Secretary Wood further stated that Mr. Gray's consortium included Telenor Satellite Services, Inc. ("Telenor"), which would provide the satellite access via portable terminals for the pilot project. To my knowledge, the terminals had no use except to enable satellite voice and data transmission.

9. On March 12, 2003, Mr. Schwartz directed me to go to a meeting at a State Department annex office regarding Telenor's equipment.

10. At that meeting, also on March 12, 2003, I met with Mr. Gray, and Larry Paul and Brit Horncastle of Telenor. Mr. Paul provided me, on blank paper, the text of the March 12, 2003 letter that appears as an exhibit to this declaration, which I signed. Later that day, Mr. Paul requested that I copy the text of the letter onto Department of State letterhead, and fax the letterhead version to Telenor. He also requested that I bring the original copy of the letter with Department of State letterhead to the Telenor offices

when I reported there for training on the equipment. I did so, relying on his statement that the letter was only a formality and receipt for the equipment.

11. I was not detailed to DART until I left the United States for Kuwait on or about March 21, 2003.

12. The pilot project that used the Telenor terminals was not my central focus while on the DART. My DART assignment was to serve as an officer for refugee issues, including visiting refugee camps, drafting cables on refugee and humanitarian issues, and providing analysis from the field on the humanitarian and security situation.

13. I was able to perform my DART duties without negotiating or executing contractual agreements.

I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on January 4, 2006

Reid A. Daugherity
Reid A. Daugherity

EXHIBIT TO DECLARATION OF REID A. DAUGHERITY

**United States Department of State**

*Washington, D.C. 20520*

March 12, 2003

Dear Ms. Horncastle,

This is to confirm receipt and provisos of operations regarding all equipment provided by Telenor for the USAID Disaster Assistance Response Team (DART) pilot program. The four Nera Inmarsat GAN terminals (GAN terminal IDs: 76EB72852062, 76EB72B97A87, 76EB722E34D9, 76EB72815D89) will be used for a two-month pilot program that will commence on or about the third full week of March 2003. SIM cards also provided are as follows: 800852D7EBAA, 800852A8EBBE, 800852C8D42C, 800852748760.

Operation of these terminals is intended to demonstrate and verify the feasibility of utilizing mobile satellite communication technology to improve coordination of global disaster recovery and reconstruction efforts of governments and non-governmental organizations. This demonstration is a cooperative and joint effort sponsored and proposed by Global Relief Technologies, Panasonic, ESRI, and Telenor.

Telenor must authorize any other use of the GAN terminals for purposes other than what has been stipulated in the two-month DART pilot program. In the event that the terminals should be used for other purposes Telenor will provide service to the user at agreed upon service rates.

Sincerely,

Reid A. Daugherity

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| TELENOR SATELLITE SERVICES, INC.<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 05-528C<br>(Judge Baskir) |

DECLARATION OF LEE SCHWARTZ

1. I am the Acting Director of the Office of the Geographer and Global Issues, in the Bureau of Intelligence and Research, United States Department of State. I have held this position since June 2002.

2. I have been the direct supervisor of Foreign Affairs Research Analyst Reid A. Daugherity since June 1994.

3. I am familiar with the scope of responsibilities and authorities of Mr. Daugherity's current position, as well as the scope of responsibilities and authorities that he possessed in 2003.

4. Mr. Daugherity has never had the authority to bind the Department of State to any contractual agreement.

I declare under penalty of perjury that the foregoing is true and correct. Executed on January 4, 2006.

Lee Schwartz

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| TELENOR SATELLITE SERVICES, INC.<br>Plaintiff,<br>v.<br>THE UNITED STATES,<br>Defendant. | No. 05-528C<br>(Judge Baskir) |

DECLARATION OF STEVEN HALTER

1. I am the Supervisory Human Resources Specialist for the Bureau of Intelligence and Research (INR) within the Department of State. My duties include drafting Position Descriptions for INR. Position Descriptions are used principally for assignment of employees to INR.

2. I was involved in drafting the Position Description for the Foreign Affairs Research Analyst GS-14 position held by Mr. Reid Daugherity now and in 2003.

3. It was never the intention of the drafters of the Position Description to suggest that the employee, Mr. Daugherity, would have contracting authority of any kind.

4. There are three points in the Position Description that discuss negotiating authority:

a. "Participates actively in bilateral and multilateral negotiations and information exchanges..." (Page 2, first paragraph)

b. "Serves as the Department's lead officer in implementing intelligence support for a treaty or agreement on one or more complex, highly sensitive programs involving global, regional and country-specific issues." (Page 2, fourth paragraph)

c. "Skill in oral and written communication to ... negotiate agreements." (Page 4, fourth paragraph)

5. All of these points refer to diplomatic agreements that are in pursuit of foreign policy objectives. Many employees at the Department of State participate in the negotiation of such agreements. Very few have authority to sign them. We did not intend that this position would be filled by someone who could sign a bilateral or multilateral agreement, or any such agreement. The position description grants Mr. Daugherity the authority to participate in foreign policy negotiations, but does not grant him the authority to sign any such agreements.

6. There are six points in the Position Description that discuss responsibility for planning or managing activities.

a."Primary Purpose: The incumbent of this position is an expert foreign affairs intelligence analyst responsible for providing all-source intelligence analysis on complex humanitarian emergencies and natural disasters, including contingency planning, implementing response mechanisms, managing interagency information sharing, and conducting comparative assessments. This position will serve as a deputy division chief..." (Page 1, first full paragraph of the text)

b. "Serves as Bureau's or Department's Action Office[r]" "Serves as the Department's lead officer in implementing intelligence support for a treaty or agreement on one or more complex, highly sensitive programs involving global, regional and country-specific issues." (Page 2, fourth paragraph)

c. "Areas of responsibility include managing the US. Government['s] interagency coordination of humanitarian information." (Page 2, fifth paragraph)

d. "Assumes responsibility for planning, coordinating, and carrying out projects and informs the supervisor as appropriate." (Page 4, second paragraph under "Supervisory Controls")

e. "The scope of the assignment area is substantial and includes: ... planning and carrying out special research studies that address critical issues of broad scope and impact." (Page 5, last paragraph)

f. "Contacts are to ... plan[,] organize, and coordinate activities, establish liaison, represent the Bureau, resolve problems, and respond to urgent developments." (Page 6, paragraph under "Purpose of Contacts")

7. All of these points refer to Mr. Daugherity's ability to coordinate information and manage projects internal to the Department of State and the United States government. The language is intended to give Mr. Daugherity the freedom to plan and carry out such projects and tasks, and meet internal deadlines. The position description does not contemplate managing external parties or contracting with external parties to achieve goals.

8. There are two points that refer to Mr. Daugherity as a central focal point for communications with outside parties.

a. "Serves as a primary point of contact with the Office of the Secretary and as a direct focal point in the Department on all

matters relating to area of expertise." (Page 2, second paragraph)

b. "Contacts are with ... officials of non-governmental organizations. Contacts occur in a wide variety of planned/unplanned, formal/informal settings..." (Page 6, paragraph under "Personal Contacts")

c. "Contacts are to ... plan[,] organize, and coordinate activities, establish liaison, represent the Bureau, resolve problems, and respond to urgent developments." (Page 6, paragraph under "Purpose of Contacts")

9. All of these points only refer to communication. The Position Description intended Mr. Daugherity to be a valuable resource for information and coordination. The fact that the Position Description intends him to be a communication focal point does not suggest contracting authority.

I declare under penalty of perjury that the foregoing is true and correct. Executed on January 04, 2006.

Steven Halter

Certificate of Filing

I hereby certify that on January 6, 2006, a copy of the foregoing Appendix To Defendant's Cross-Motion For Summary Judgment And Response To Plaintiff's Motion For Summary Judgment was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Timothy P. McIlmail