IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| TELENOR SATELLITE SERVICES, INC., Plaintiff, v. UNITED STATES, Defendant. | No. 05-528C (Baskir, J.) |

# TELENOR'S BRIEF IN SUPPORT OF ITS MOTION TO STRIKE DECLARATIONS INTERPRETING A STATE DEPARTMENT POSITION DESCRIPTION

Frederick W. Claybrook, Jr.
(Counsel of Record)

Crowell & Moring LLP
1001 Pennsylvania Avenue NW
Washington, D.C. 20004
(202) 624-2500

Of Counsel

Barbara L. Spencer, Esq.
General Counsel
Telenor Satellite Services, Inc.
1101 Wootton Parkway, 10th Floor
Rockville, Maryland 20852

January 31, 2006

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........ ii

I. The Declarations Purport to Construe and Interpret the Position Description ........ 2

II. Declarations Construing the Position Description Are Inadmissible ........ 3

A. Position Descriptions Are Akin to Regulations ........ 4

B. In any Event, Mr. Daugherity's Position Description Is Unambiguous ........ 6

C. Testimony Concerning the Ultimate Question of Law Is Inadmissible ........ 8

D. Non-firsthand Testimony Is Inadmissible ........ 10

Conclusion ........ 10

# TABLE OF AUTHORITIES

## Cases

***Coast Fed. Bank, FSB v. United States*,**
323 F.3d 1035 (Fed. Cir. 2003) ............................................................6-7

***Dolmatch Grp., Ltd. v. United States*,**
40 Fed. Cl. 431 (1998)..............................................................................3, 4

*Dos Santos v. United States*,
19 Cl. Ct. 681, 682 (1990)............................................................................4

*Gen. Elec. Co. v. Delaney*,
251 F.3d 976 (Fed. Cir. 2001) ......................................................................6

*Leonardo v. United States*,
60 Fed. Cl. 126 (2004)..................................................................................4

***Leonardo v. United States*,**
63 Fed. Cl. 552 (2005),
*aff'd,* 2006 WL 87619 (Fed. Cir. Jan. 11, 2006)
(unpublished op.) ..................................................................................3, 4

*McAbee Constr., Inc. v. United States*,
97 F.3d 1431 (Fed. Cir. 1996) ......................................................................7

*Rice v. Martin Marietta Corp.*,
13 F.3d 1563 (Fed. Cir. 1993) ......................................................................6

*Roberta B. v. United States*,
61 Fed. Cl. 631 (2004)..................................................................................4

***Rumsfeld v. United Techs. Corp.*,**
315 F.3d 1361 (Fed. Cir. 2003) ..............................................................5-6

*Ryco Constr., Inc. v. United States*,
55 Fed. Cl. 184 (2002)..................................................................................9

***Torres v. County of Oakland*,**
758 F.2d 147 (6th Cir. 1985)....................9

**Statutes, Rules, and Regulations**

Fed. R. Evid. 701 ....................9

**RCFC 56(e) ....................2, 10**

U.S. Department of State Foreign Affairs Handbook (2003)
FAH-2 H-441.4.D(4)....................5

U.S. Department of State Foreign Affairs Manual (2003)
1 FAM 014.7.b....................5
3 FAM 2635....................5
3 FAM 2637.7.a....................5
3 FAM 2638.2.c....................5

**Other Authorities**

STEPHEN A. SALTZBURG, MICHAEL M. MARTIN, & DANIEL J. CAPRA,
FED. RULES OF EVID. MAN. § 701.02(6) (8th ed. 2002) ....................9

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| TELENOR SATELLITE SERVICES, INC.,<br>Plaintiff,<br>v.<br>UNITED STATES,<br>Defendant. | No. 05-528C<br>(Baskir, J.) |

TELENOR'S BRIEF IN SUPPORT OF ITS MOTION
TO STRIKE DECLARATIONS INTERPRETING
A STATE DEPARTMENT POSITION DESCRIPTION

In support of its Cross-motion for Summary Judgment, the government proffered the Declaration of Steven Halter, who identified himself as one of the individuals involved in the drafting of the description for the position held by Mr. Daugherity. Mr. Halter purports to provide testimony as to "the intention of the drafters" of that position description and to interpret it for the Court. Mr. Daugherity and his supervisor, Acting Director Lee Schwartz, in their declarations, although not mentioning the position description by name, also purport to be knowledgeable of Mr. Daugherity's authorized responsibilities and to testify about them, implicitly interpreting Mr. Daugherity's position description, which identifies his responsibilities and authority.

Rule 56(e) requires supporting affidavits to "set forth such facts as would be admissible in evidence . . . ." RCFC 56(e). The proffered testimony in the declarations is inadmissible because the position description must be interpreted on its face as a matter of law and because it is lay testimony concerning an ultimate question of law. Some of the testimony is also inadmissible because it is not made on personal knowledge.

## I. The Declarations Purport to Construe and Interpret the Position Description

Mr. Halter's entire declaration is devoted to interpreting the position description of Mr. Daugherity. Mr. Halter claims firsthand knowledge as someone "involved in drafting" (in some unspecified way) that document. (Halter Decl. ¶ 2, U.S. Appx. at 11.) His bottom line is, "It was never the intention of the drafters of the Position Description to suggest that the employee, Mr. Daugherity, would have contracting authority of any kind." (Halter Decl. ¶ 3, U.S. Appx. at 11.) He then attempts to support that bottom-line conclusion – spoken not just for himself but for other "drafters" as well – by lifting quotations from the position description, grouping them in certain ways, and stating his view of what Mr. Daugherity was or was not authorized to do per the terms of his position description. (Halter Decl. ¶¶ 4-9, U.S. Appx. at 11-15.)

Neither Mr. Daugherity nor Mr. Schwartz in their declarations expressly mention the position description, but they both do so implicitly. Mr. Daugherity speaks about the duties of his position and then states, "I have never been required in the performance of my position responsibilities to execute contractual agreements with private companies on behalf of the Department of State, nor have I ever understood myself to have that authority." (Daugherity Decl. ¶ 4, U.S. Appx. at 4.) Mr. Schwartz declared his familiarity with "the scope of responsibilities and authorities that [Mr. Daugherity] possessed in 2003" and then testified, "Mr. Daugherity has never had the authority to bind the Department of State to any contractual agreement." (Schwartz Decl. ¶¶ 3, 4, U.S. Appx. at 9.)

## II. Declarations Construing the Position Description Are Inadmissible

Position descriptions have previously been examined by this Court to determine the delegated authority of the individual holding the position. *E.g.*, *Leonardo v. United States*, 63 Fed. Cl. 552, 557-60 (2005), *aff'd*, 2006 WL 87619 (Fed. Cir. Jan. 11, 2006) (unpublished op.); *Dolmatch Grp., Ltd. v. United States*, 40 Fed. Cl. 431, 438 (1998). In neither of these cases has the Court looked to testimony of the drafter of the position description, or those holding or supervising the position, to determine the proper

reading of the position description.[1] Instead, the Court has interpreted the document on its face as a matter of law. *Leonardo*; *Dolmatch*. The Court should do the same here.

A. Position Descriptions Are Akin to Regulations

The Department of State's Foreign Affairs Manual ("FAM," excerpts attached in the Telenor Appendix) has the status of a regulation. *See, e.g., Roberta B. v. United States*, 61 Fed. Cl. 631, 636 (2004); *Dos Santos v. United States*, 19 Cl. Ct. 681, 682 (1990). The FAM in its various provisions and its associated Foreign Affairs Handbook ("FAH") (excerpts also attached in the Telenor Appendix) provide for authority to be specified in various official State Department documents. "In general, functional statements . . . constitute official delegations of authority for the Department. Authority vested in an individual position becomes a part of the authority of each position in the direct line of supervision above that

---

[1] In a prior decision in *Leonardo v. United States*, 60 Fed. Cl. 126 (2004), the Court refused summary judgment on the issue of implied contracting authority because there were issues of material fact, but at the same time noted that the issue of implied authority was not yet fully presented to the Court. *Id*. at 133 & n.8. In the subsequent decision in the case, the Court conducted a facial investigation of the two position descriptions at issue to determine that one description did imply non-procurement contracting authority due to such authority being integral to the duties described and the other did not. 63 Fed. Cl. at 557-60.

position. . . ." 1 FAM 014.7.b (Tel. Appx. at 27-28). The "[a]uthority invested in an individual position" is set out in a "position description," which the FAM defines as follows:

> An official written documentation of management's assignment of specific duties, responsibilities, and supervisory relationships to a position, as well as required knowledge and skills necessary to perform the assigned duties. . . .

3 FAM 2635 (Tel. Appx. at 36). The position descriptions must be certified by the appropriate supervisor and reviewed regularly for accuracy and recertification. *Id.* 2637.7.a, 2638.2.c (Tel. Appx. at 37, 38). The State Department's Personnel Officer also reviews position descriptions for accuracy, understandability, and compliance with other instructions. 3 FAH-2 H-441.4.D(4) (Tel. Appx. at 41).

Position descriptions, then, are official documents of the Department of State whose contents are specified by regulation. For purposes of interpretation, they are akin to regulations, rather than to contracts, which involve a give-and-take between two or more parties with independent interests.

The Federal Circuit has repeatedly instructed that the interpretation of a regulation is a question of law, not one of fact lending itself to extrinsic evidence. For instance, in *Rumsfeld v. United Technologies Corp.,* 315

F.3d 1361 (Fed. Cir. 2003), the court rejected expert testimony about a particular Cost Accounting Standard regulation relied upon by the board as "simply irrelevant to our interpretive task; such evidence should not be received, much less considered, by the Board on the interpretive issue. That interpretive issue is to be approached like other legal issues – based on briefing and argument by the affected parties." *Id*. at 1369. *See also Rice v. Martin Marietta Corp.,* 13 F.3d 1563, 1568 (Fed. Cir. 1993); *Gen. Elec. Co. v. Delaney*, 251 F.3d 976, 978 (Fed. Cir. 2001).

This rule applies here to exclude the testimony in the government declarations about the witnesses' interpretations of Mr. Daugherty's position description. That position description is an official document akin to a regulation, and so it should be interpreted without resort to extensive testimony. The proffered extrinsic testimony is inadmissible and should be stricken.

B. In any Event, Mr. Daugherty's Position Description Is Unambiguous

Even were the position description to be considered more akin to a contract than a regulation, the challenged testimony would be inadmissible. As the Federal Circuit recently reiterated in *Coast Federal Bank, FSB v. United States*, 323 F.3d 1035 (Fed. Cir. 2003) (*en banc*), when "the provisions of the Agreement are phrased in clear and unambiguous

language, they must be given their plain and ordinary meaning, and we may not resort to extrinsic evidence to interpret them. . . . When the contractual language is unambiguous on its face, our inquiry ends and the plain language of the Agreement controls." *Id.* at 1038, 1040-41 (citing *McAbee Constr., Inc. v. United States*, 97 F.3d 1431, 1435 (Fed. Cir. 1996)).

Mr. Daugherity's position description is not ambiguous concerning whether he has non-procurement authority to enter into agreements with private parties. His stated duties and responsibilities include to participate "actively in bilateral and multilateral negotiations," to "negotiate agreements," and to have contacts with "officials of non-governmental organizations . . . in a wide variety of . . . formal/informal settings." He is a "direct focal point in the Department on all matters relating to [his] area of expertise." He has responsibility for "coordinating and carrying out projects" and "carrying out special research studies that address critical issues of broad scope and impact," and he can do so without the advance approval of his supervisor. He serves "as the Department's lead officer in implementing intelligence support" and is responsible for "coordination of humanitarian information." (Tel. Appx. at 4-9.) There is no ambiguity in these specifications of responsibilities and the authority to carry them out.

Even if Mr. Daugherty's position description, in concept, is susceptible to interpretation by extrinsic evidence, it is not as a practical matter, because it is unambiguous.

C. Testimony Concerning the Ultimate Question of Law Is Inadmissible

Mr. Daugherty in his declaration (at ¶ 4) states, "I have never been required in the performance of my position responsibilities to execute contractual agreements with private companies upon behalf of the Department of State . . . ." (U.S. Appx. at 4.) Mr. Schwartz states more directly (at ¶ 4) than Mr. Daugherty that Mr. Daugherty "has never had the authority to bind the Department of State to any contractual agreement." (U.S. Appx. at 9.) Mr. Halter repeatedly (at ¶¶ 3, 5, 7, 9) draws conclusions about the contracting authority granted under the position description, or the alleged lack of it. (U.S. Appx. at 11-15.) If by "contractual agreements" and "contracting authority" Mr. Daugherty and the other declarants only intend procurement or acquisition contracts, then what they say is irrelevant, because this case does not involve an acquisition contract, but, rather, a non-procurement, bailment contract.

If, on the other hand, the declarants are purporting to make statements with respect to all types of contracts, including non-procurement bailment contracts, then, in essence, they are testifying to the ultimate legal

conclusion involved. Such testimony is inadmissible from these individuals. They are lay witnesses, not experts, seeking to introduce an inadmissible legal conclusion. *See* FED. R. EVID. 701; STEPHEN A. SALTZBURG, MICHAEL M. MARTIN, & DANIEL J. CAPRA, FED. RULES OF EVID. MAN. § 701.02(6) (8th ed. 2002) ("[A] lay witness cannot be permitted to draw conclusions of law . . . ."). For example, in *Torres v. County of Oakland*, 758 F.2d 147 (6th Cir. 1985), the plaintiff alleged that her employer denied her a promotion because of her national origin, and a defense witness involved in the hiring process testified to the bottom-line conclusion that there was no employment discrimination. *Id*. at 150-51. The Sixth Circuit held that the trial court had erred in permitting such testimony, as it was an inadmissible legal conclusion. *Id.*

There is no relevant distinction between the inadmissible testimony in *Torres* and the bottom-line testimony offered by Messrs. Daugherity, Schwartz, and Halter about the legal effect of the position description. The *Torres* witness testified that the employer did not discriminate, and the government witnesses here testify that their employer gave Mr. Daugherity no authority. In both cases, the testimony is an inadmissible legal conclusion. *See also Ryco Constr., Inc. v. United States*, 55 Fed. Cl. 184, 196 n.6 (2002) (striking legal conclusions in a declaration of lay witness).

This Court should strike the testimony of Messrs. Daugherity, Schwartz, and Halter for this reason as well.

D. Non-firsthand Testimony Is Inadmissible

Even if the Court were to find that testimony of one of the drafters of the position description is admissible to aid in its interpretation, only Mr. Halter qualifies (and even then his part in the drafting process remains undisclosed). Neither Mr. Daugherity nor Mr. Schwartz profess to have been involved with preparing the description, so they lack the personal knowledge required to submit testimony on the subject. RCFC 56(e).

## Conclusion

Mr. Daugherity's position description unambiguously gives him the authority to conclude non-procurement agreements such as the bailment contract at issue here. The text of the position description cannot be "interpreted away" by a purported drafter of the description, by the holder of the position described, or by the supervisor of the holder. Such testimony is inadmissible and should be stricken for the reasons stated above.

Respectfully submitted,

s/Frederick W. Claybrook, Jr.

Frederick W. Claybrook, Jr.
(Counsel of Record)
Crowell & Moring LLP
1001 Pennsylvania Avenue NW
Washington, D.C. 20004
(202) 624-2500

Of Counsel

Barbara L. Spencer, Esq.
General Counsel
Telenor Satellite Services, Inc.
1101 Wootton Parkway, 10th Floor
Rockville, Maryland 20852

January 31, 2006

DCIWDMS: 2701270_1