IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| TELENOR SATELLITE SERVICES, INC.<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 05-528C<br>(Judge Baskir) |

DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT

Defendant, the United States, replies to plaintiff's opposition to our cross-motion for summary judgment.

Plaintiff, Telenor Satellite Services, Inc., fails to establish any genuine issue of material fact or that the Government is not entitled to judgment in this action as a matter of law. Telenor points to excerpts of the Foreign Affairs Manual ("FAM") relating to the Office of the Geographer and Global Issues within which Reid M. Daugherity, the person with whom it alleges that it contracted, is employed. Those FAM provisions, however, do not establish that Mr. Daugherity possessed the authority to enter into any contract upon behalf of the Government, whether a bailment or a procurement contract. Contrary to Telenor's assertion (Telenor's Reply In Support Of Its Motion For Summary Judgment Re Authority And In Opposition To Defendant's Cross-Motion For Summary Judgment ("Pl.

Reply") at 3), those FAM provisions do not reflect that the office in which Mr. Daugherity works, the Office of Geographer and Global Issues, handles humanitarian crises; rather, they reflect that the office produces analyses of international issues such as humanitarian crises. Appendix In Support Of Telenor's Motion For Summary Judgment Re Authority And In Opposition To Defendant's Cross-Motion For Summary Judgment ("Tel. Appx.") 33.

Those FAM provisions, therefore, support the demonstration in our opening brief that contracting authority is not integral to Mr. Daugherity's duties. Although Telenor objects to evidence extrinsic to Mr. Daugherity's job description to explain the scope of his responsibilities, a Government employee's job description is not a regulation, see Leonardo v. United States, 63 Fed. Cl. 552, 557 (2005), aff'd, No. 05-5103 (Fed. Cir. Jan. 11, 2006) (table), and nothing prohibits the Court from considering evidence from persons familiar with the responsibilities of a Government employee regarding those responsibilities.

Telenor argues that a letter of a lawyer for the United States Department of State constitutes a "weighty evidentiary admission" that Mr. Daugherity possessed contracting authority. On the contrary, whatever

legal opinion the lawyer expressed regarding the scope of Mr. Daugherity's authority is irrelevant to whether Mr. Daugherity actually possessed the authority to bind the United States in contract. Cf. Tracy v. United States, 55 Fed. Cl. 679, 682 (2003) ("even if a government employee purports to have authority to bind the government, the government will not be bound unless the employee actually has that authority"). In addition, Telenor's argument that the lawyer's opinion is evidence of Mr. Daugherity's authority is inconsistent with its argument that the Court should not look to evidence extrinsic to Mr. Daugherity's position description to determine the scope of his authority.

Telenor also raises the issue of ratification. Although agreements made by Government agents without authority to bind the Government may be subsequently ratified by those with authority, Harbert/Lummus Agrifuels Projects v. United States, 142 F.3d 1429, 1433 (Fed. Cir. 1998), Telenor fails to establish that anyone with authority to bind the Government ratified the agreement that Telenor alleges it entered into with Mr. Daugherity. Rather, Telenor rests its ratification argument upon general, organizational FAM provisions (Pl. Reply at 8), none of which even addresses the authority to bind the Government in contract. Indeed, Telenor's current

efforts to identify a source of contracting authority upon which to base its alleged bailment contract with the Government indicate that Telenor did not satisfy its obligation, see Harbert/Lummus, 142 F.3d at 1432, to inform itself in advance of the authority of the Government representatives with whom it was dealing, and the limits of that authority. Consequently, Telenor assumed the risk of not accurately ascertaining that authority, and of entering into an agreement with a person or persons who did not possess the authority to bind the Government in contract. See id.

Citing to cases including Janowsky v. United States, 133 F.3d 888 (Fed. Cir. 1998), United States v. Amdahl, 786 F.2d 387 (Fed. Cir. 1986), and Prestex, Inc. v. United States, 162 Ct. Cl. 620, 320 F.2d 367 (1963), in support, Telenor also raises the issue whether the Government should be required to pay Telenor for services upon an “implied-in-fact” contract theory or pursuant to equitable principles. Pl. Reply at 11-12. Even in “implied-in-fact” contract cases, however, knowledge and acquiescence by officials with authority to bind the Government in contract is necessary to require the Government to pay for services provided pursuant to an agreement with a Government employee who did not possess contracting authority. See Gary v. United States, 67 Fed. Cl. 202, 217 (2005)

(discussing Janowsky). Common sense requires this interpretation. Id. Federal expenditures would be wholly uncontrollable if Government employees who did not possess contracting authority could, of their own volition, enter into contracts obligating the United States. See City of El Centro v. United States, 922 F.2d 816, 820 (Fed. Cir. 1990). By the same reasoning, it cannot be that a Government employee who does not possess the authority to bind the Government in contract can have contractually obligated the United States to a party merely where other Government employees receive services from that party. See Gary, 67 Fed. Cl. at 217. Telenor identifies no Government official with contracting authority who knew of and acquiesced in its agreement with Mr. Daugherity.

In addition, neither Amdahl nor Prestex controls this case. In those cases, the United States Court of Appeals for the Federal Circuit and the United States Court of Claims, as Article III courts (Seaboard Lumber Co. v. United States, 903 F.2d 1560, 1562 (Fed. Cir. 1990)), applied equitable principles to grant quasi-contractual relief in the absence of an enforceable contract. See Amdahl, 786 F.2d at 393; Prestex, 162 Ct. Cl. at 628, 320 F.2d at 373. As an Article I court with specific jurisdiction granted by

Congress that must be strictly construed, Mega Constr. Co., Inc. v. United States, 29 Fed. Cl. 396, 472 (1993) (citing United States v. John C. Grimberg Co., 702 F.2d 1362 (Fed. Cir. 1983)), this Court is statutorily devoid of the equitable jurisdiction that would be necessary to provide redress for unenforceable contracts. See id. at 470-72 (distinguishing Amdahl and discussing Prestex); 28 U.S.C. § 1491(a)(1) (2000).

Telenor also argues that it requires discovery pursuant to Rule 56(f) of the Rules of the United States Court of Federal Claims ("RCFC"). A prerequisite for relief under RCFC 56(f) is that the party seeking discovery provide an adequate factual predicate for the belief that there are discoverable facts sufficient to raise a genuine and material issue. Theisen Vending Co., Inc. v. United States, 58 Fed. Cl. 194, 198 (2003). Summary judgment need not be denied merely to satisfy a litigant's speculative hope of finding some evidence that might tend to support a complaint. Pure Gold, Inc. v. Syntex (U.S.A.), Inc., 739 F.2d 624, 627 (Fed. Cir. 1984). Telenor fails to provide an adequate factual predicate for the belief that there are discoverable facts sufficient to raise a genuine and material issue; rather, Telenor's counsel speculates that "Mr. Daugherity's agreement could have been ratified by others in the State Department who

did have procurement authority." Tel. Appx. 18 ¶ 4. Because Telenor fails to meet a prerequisite for relief under RCFC 56(f), the Court should deny Telenor's request that summary judgment be forestalled for it to conduct discovery.

Finally, the Court should disregard Telenor's implication that it may recover pursuant to the Takings Clause of the Fifth Amendment to the United States Constitution. Telenor's complaint does not assert such a claim, and Telenor has not requested leave to amend its complaint.

## CONCLUSION

For the foregoing reasons and those set forth in our cross-motion, the Government requests that the Court enter summary judgment in this action in favor of the Government.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Patricia M. McCarthy
PATRICIA M. MCCARTHY
Assistant Director

s/Timothy P. McIlmail
TIMOTHY P. MCILMAIL
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20005
Telephone: (202) 514-4325
Facsimile: (202) 514-7965

OF COUNSEL:
ONA M. HAHS
Attorney-Adviser
Department of State

February 14, 2006

Attorneys for Defendant

Certificate of Filing

I hereby certify that on February 14, 2006, a copy of the foregoing Defendant's Reply To Plaintiff's Response to Defendant's Cross-Motion For Summary Judgment was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Timothy P. McIlmail