IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| TELENOR SATELLITE SERVICES, INC.<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 05-528C<br>(Judge Baskir) |

DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION TO STRIKE DECLARATIONS
INTERPRETING A STATE DEPARTMENT POSITION DESCRIPTION

Defendant, the United States, opposes the motion of plaintiff, Telenor Satellite Services, Inc., to strike all or part of the declarations of Reid A. Daugherity, Steven Halter, and Lee Schwartz, which we offered in support of our cross-motion for summary judgment. Telenor argues that a Government employee's job description is akin to a regulation; but, for purposes of determining whether a Government employee possessed authority to bind the Government in contract, a Government employee's job description is not a regulation. See Leonardo v. United States, 63 Fed. Cl. 552, 557 (2005), aff'd, No. 05-5103 (Fed. Cir. Jan. 11, 2006) (table).

Accordingly, nothing prohibits the Court from considering evidence from persons familiar with a Government employee's duties and authority when considering whether the employee possessed authority to bind the

Government in contract; indeed, in Doe v. United States, 58 Fed. Cl. 479, 485 (2003), aff'd, No. 04-5052 (Fed. Cir. 2004) (table), the Court considered the declaration of the Deputy Assistant Administrator for the Office of Acquisition Management of the Drug Enforcement Administration ("DEA") upon the issue whether DEA agents possessed contracting authority. And in Kenney v. United States, 41 Fed. Cl. 353, 360 (1998), the Court compared Government employees' declarations describing their duties with their position description in examining whether the employees possessed authority to bind the Government in contract. Particularly in a case such as this, in which a plaintiff contends that contracting authority is integral to a Government employee's duties, the Court should receive that type of evidence. See id.

Therefore, the Court should receive the declarations of Mr. Halter, who participated in drafting the description of the position that Mr. Daugherity holds (Appendix To Defendant's Cross-Motion For Summary Judgment And Response To Plaintiff's Motion For Summary Judgment ("Def. App.") 11 ¶ 2); of Mr. Daugherity's supervisor, Mr. Schwartz (App. 9); and of Mr. Daugherity himself (App. 3-6). Telenor's argument that whether Mr. Daugherity possessed authority to bind the

Government in contract is a conclusion of law upon which declarants may not testify is erroneous. That question is one of fact. See Trauma Serv. Group v. United States, 104 F.3d 1321, 1327 (1997) (stating that plaintiff "must allege facts sufficient to show that the Government representative who entered into its alleged implied-in-fact contract was a contracting officer or had implied actual authority to bind the Government."). With respect to Telenor's argument that Mr. Daugherity and Mr. Schwartz do not possess first-hand knowledge of the drafting of Mr. Daugherity's position description, neither even mentions that document. Def. App. 3-6, 9.

Finally, Telenor's argument that the Foreign Affairs Manual ("FAM") has the status of a regulation and that the FAM includes provisions regarding position descriptions does not help its argument. Even if the excerpts of the FAM that Telenor relies upon are regulations, Telenor does not demonstrate that the position description of Mr. Daugherity appears in the FAM.

For the foregoing reasons, the Government requests that the Court deny Telenor's motion to strike any portion of the declarations of Mr. Daugherity, Mr. Schwartz, or Mr. Halter.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Patricia M. McCarthy
PATRICIA M. MCCARTHY
Assistant Director

s/Timothy P. McIlmail
TIMOTHY P. MCILMAIL
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20005
Telephone: (202) 514-4325
Facsimile: (202) 514-7965

OF COUNSEL:
ONA M. HAHS
Attorney-Adviser
Department of State

February 17, 2006

Attorneys for Defendant

Certificate of Filing

I hereby certify that on February 17, 2006, a copy of the foregoing Defendant's Opposition To Plaintiff's Motion To Strike Declarations Interpreting A State Department Position Description was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Timothy P. McIlmail