IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| TELENOR SATELLITE SERVICES, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05-528C |
| | ) | (Judge Baskir) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S SUPPLEMENTAL BRIEF

Pursuant to the Court's March 23, 2006 order, defendant, the United States, responds to plaintiff's April 12, 2006 supplemental brief.

## INTRODUCTION

Plaintiff, Telenor Satellite Services, Inc., continues to fail to establish that any person with authority to bind the United States to a contract - even a bailment contract - entered into or ratified a contract with Telenor.

### I. Telenor Fails To Establish The Delegation Of Any Contracting Authority To Deputy Assistant Secretary William Wood

Telenor fails to establish the delegation of any contracting authority to Deputy Assistant Secretary William Wood. In particular, Telenor fails to trace any delegation of the authority of the Secretary of State pursuant to 22 U.S.C. § 2656 to "conduct the business of the Department in such manner as the President shall direct," to Deputy Assistant Secretary Wood. Much less does it demonstrate that such any such delegation included the

authority to enter into a bailment agreement, or any other type of contract, that bound the United States.

Contrary to Telenor's argument, the procurement regulation upon which Telenor relies, 48 C.F.R. § 601.602-1(b) (2003), does not establish that procurement contracting authority was "carved out" of Secretary Wood's authority, leaving the authority to enter into bailment agreements; it merely establishes that certain State Department officials possess the authority to contract "for the expenditure of funds involving the acquisition of real and personal property, services, and for the sale of personal property." See id. Those persons include the Procurement Executive and State Department employees "appointed or designated to the contracting activities enumerated in [48 C.F.R. §] 601.603-70" to whom the Procurement Executive delegates that authority. See id.; see also 48 C.F.R. § 601.603-3(a) (2003) ("The Procurement Executive appoints all contracting officers . . .[with the exception of temporary warrants issued by Chiefs of Mission pursuant to delegation by the Procurement Executive]."). That certain State Department officials possess specific contracting authority pursuant to 48 C.F.R. § 601.602-1(b) does not establish that officials not covered by that regulation possess other types of contracting

authority.

## II. Telenor Fails To Establish That Bailment Contracting Authority Was Integral To The Duties Of Secretary Wood Or Lee Schwartz

Telenor fails to establish that bailment contracting authority was integral to the duties of Secretary Wood or Lee Schwartz. The question in this case is not whether the duties of Secretary Wood and Mr. Schwartz included researching, producing, developing, collecting, and managing information. Assuming, for the sake of argument alone, that contracting authority can arise merely from a Government employee's duties (a proposition that we dispute, see Sam Gray Enters. v. United States, 43 Fed. Cl. 596, 603 n.10 (1999)), the question is whether such duties require a Government employee to possess the ability to enter into the type of contract that is alleged in this case to exist with the United States; that is, whether the ability to bind the Government to the type of contract alleged is integral to the employee's duties such that the employee could not perform his assigned tasks without that specific authority. See Perri v. United States, 53 Fed. Cl. 381, 401 (2002), aff'd, 340 F.3d 1337 (Fed. Cir. 2003). In this case, that means that Telenor must prove that it contracted with someone who could not perform the duties assigned to him without being able to enter into the bailment agreement concerning

communications equipment that Telenor alleges it entered into with the Government.

Telenor fails to prove that. Whether the duties of Secretary Wood and Mr. Schwartz included researching, producing, developing, collecting, and managing information does not establish that they could not have performed those duties without being able to enter into bailment agreements for the use of private communications equipment. There is no evidence in the record, for example, that either Secretary Wood or Mr. Schwartz lacked access to Government communications equipment. Nor does the record establish that their duties necessarily included developing, in terms of hardware, the communications systems necessary to research, produce, develop, collect, and manage information such that, perhaps, they required the ability, somehow, to borrow private communications equipment in the context of a bailment.

Indeed, Secretary Wood's and Mr. Schwartz's duties did not require that they possess that ability because, among other things, another official in INR - the Executive Director (who answers not to the Deputy Assistant Secretary for Analysis (INR/AN), but to the Principal Deputy Assistant Secretary (Appendix In Support Of Telenor's Motion For Summary

Judgement Re Authority And In Opposition To Defendant's Cross-Motion For Summary Judgment at 34)), "[o]versees the continuing development and expansion of the INR information management systems," including "[a]ssur[ing] that contractual requirements for hardware . . . are clearly and fully developed in terms of state-of-the-art for computer systems . . ., and connectivity and interoperability with the Department and the intelligence community are continued." Defendant's Notice Of Filing Of Material Pursuant To Court's March 23, 2006 Order at 20. The duties of the Executive Director indicate that if anyone in INR was responsible for the process of obtaining private communications equipment to meet INR's needs (even if not, personally, contracting to obtain such equipment), it was the Executive Director (INR/PDAS/EX), not Secretary Wood or anyone subordinate to him, including anyone in the Office of the Geographer and Global Issues (INR/AN/GGI) such as Mr. Schwartz and Reid Daugherity.

Telenor relies upon the language in Mr. Schwartz's position description explaining that the position requires skill in communication to negotiate agreements but, as with Mr. Daugherity's position description, that language does not establish that Mr. Schwartz possessed the further authority to bind the Government in contract, see Dolmatch Group, Ltd.

v. United States, 40 Fed. Cl. 431, 438 (1998), regardless of whether the position description includes any reference to subjecting what he negotiated to approval. Telenor also relies upon language in Mr. Daugherity's Employee Performance Plan describing information collection and organization and support for the Humanitarian Information Unit, but that language does not establish that Mr. Daugherity is not able to perform those duties without being able to enter into bailment agreements for privately-owned communications equipment.

If INR/AN/GGI required communications equipment to perform its mission, there was available to it a reasonable alternative to entering into a bailment agreement for that equipment: obtaining the assistance of the Executive Director to obtain such equipment. Consequently, entering into bailment agreements was not integral to the duties of Secretary Wood, Mr. Schwartz, or Mr. Daugherity, and those duties do not imply the authority to enter into bailment agreements. Cf. Perri, 53 Fed. Cl. at 401 (holding that contracting authority to enter into a compensation agreement was not integral to the duties of an FBI Special Agent in developing and controlling confidential informant and cooperative witness because reasonable alternative means were available to the agents in that detailed

procedures existed for obtaining the approval for payments of the Special Agent in Charge and of FBI Headquarters).

## III. Whether Telenor Is Unable To Support Its Position Upon The Current Record Does Not Preclude Summary Judgment In Favor Of The Government

For all these reasons, the Government is entitled to summary judgment in its favor, notwithstanding Telenor's intimations that it might require additional information to support its own position. Mere allegations by declaration or otherwise do not raise issues of fact needed to defeat a motion for summary judgment. Litton Indus. Prods., Inc. v. Solid State Sys. Corp., 755 F.2d 158, 164 (Fed. Cir. 1985). Telenor's assertions, at page 9-10 of its supplemental brief, that Secretary Wood, Mr. Schwartz, or INR Executive Director Leona Coulombe may have held a contracting officer's warrant, and that Ms. Coulombe or the Assistant Secretary of INR may have ratified a bailment agreement, are not proven by the record and are not sufficient to forestall summary judgment in favor of the Government. In any case, neither Secretary Wood, Mr. Schwartz, nor Ms. Coulombe held a contracting officer's warrant in 2003; nor do they currently. Declaration of Corey M. Rindner, Apr. 26, 2006 at ¶ 3 (attached).

## CONCLUSION

For these reasons and those set forth in our briefs in support of our cross-motion for summary judgment, the Government requests that the Court enter summary judgment in this action in favor of the Government.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Patricia M. McCarthy
PATRICIA M. MCCARTHY
Assistant Director

s/Timothy P. McIlmail
TIMOTHY P. MCILMAIL
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20005
Telephone: (202) 514-4325
Facsimile: (202) 514-7965

OF COUNSEL:
ONA M. HAHS
Attorney-Adviser
Department of State

April 26, 2006 Attorneys for Defendant

Certificate of Filing

I hereby certify that on April 26, 2006, a copy of the foregoing Defendant's Supplemental Brief was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Timothy P. McIlmail