IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| TELENOR SATELLITE SERVICES, INC., Plaintiff, v. UNITED STATES, Defendant. | No. 05-528C Baskir, J. |

TELENOR'S REPLY BRIEF
ON AUTHORITY OF WOOD AND SCHWARTZ

The government does not contest that the duties of Secretary Wood and Director Schwartz went far beyond analysis and included managing, collecting, and developing information. It now falls back on the argument that they did not have implied authority to ratify the bailment contract. This argument fails for two reasons.

First, it fails because Sec. Wood and Dir. Schwartz had express authority to enter into this bailment. The language in their position descriptions provides express authority to negotiate non-procurement agreements. The Foreign Affairs Manual ("FAM") identifies position descriptions as "official written documentation of management's assignment of specific duties, responsibilities, and supervisory relationship

to a position . . . " and requires them to be maintained and updated regularly to ensure accuracy. *See* 3 FAM 2630 (Tel. Appx. at 36).

The government argues that "negotiate," contrary to its normal meaning, here means conducting discussions without the authority to settle or conclude the deal. *See* WEBSTER'S NEW WORLD DICT. 952 (1976) (to negotiate is "to make arrangements for, settle, or conclude (a business transaction, treaty, etc.)"). But when the State Department wishes to make negotiation authority subject to supervisory approval of the terms, it does so explicitly. *See, e.g., Leonardo v. United States*, 63 Fed. Cl. 552, 557 (2005), *aff'd*, 2006 WL 87619 (Fed. Cir. Jan. 11, 2006). *See also Sam Gray Enters., Inc. v. United States*, 93 Fed. Cl. 596, 603 (1999) (statute and regulations specified who could conclude lease agreements). No such restriction was imposed upon Sec. Wood, Dir. Schwartz, or, for that matter, Mr. Daugherity, as State Department counsel acknowledged in anticipation of this litigation. (Tel. Appx. at 2.)

Second, Sec. Wood and Dr. Schwartz also had implied authority because the ability to enter into this bailment was integral to the positions they held. Implied authority for one individual is not defeated, as the government suggests, simply by pointing to someone else with express or implied authority. (Ironically, the government identifies the Executive

Director of INR, Ms. Coulombe, as the individual who could hold this authority based on her position description, which does not expressly include the authority to negotiate agreements, as do the position descriptions of Dir. Schwartz and Mr. Daugherity.) The government's assertion is foreclosed by *H. Landau & Co. v. United States*, 886 F.2d 322 (Fed. Cir. 1989), in which the Federal Circuit held that an employee can have implied authority to contract even when another has express approval authority. *Id*. at 324 (citing *United States v. Bissett-Berman Corp.*, 481 F.2d 764, 768-69 (9th Cir. 1973) (holding government attorney had implied authority although CO had express authority)). Moreover, the government's assertion makes no practical sense. As there will always be individuals in an agency with express authority, if only the Secretary and her deputy, the concept of implied authority would be a dead letter under the government's construction.

The government relies on *Perri v. United States*, 53 Fed. Cl. 381, 401 (2002), *aff'd*, 340 F.3d 1337 (Fed. Cir. 2003), and the comparison provided by that case is instructive. *Perri* involved payment of money to an informant – a procurement contract. The FBI Office Manuals "set forth detailed procedures" for government employees to follow when making such payments, including approval from a superior, and the employee did

not follow them. *Id* at 401. Here, there are no detailed procedures for entering non-procurement bailment contracts and no approval requirement. Rather, Sec. Wood and Dir. Schwartz had implied actual authority because it was directly related to their carrying out the responsibilities outlined in their position descriptions, their SES Evaluations, and the FAM. Indeed, the language used in the position descriptions involved in this case is nearly identical to the language in *Leonardo*, which Judge Hewitt found gave implied authority to the State Department employee to enter into a non-procurement bailment contract because "reasonably efficient" alternatives were not available. 63 Fed. Cl. at 559-60. The government has still made no attempt to distinguish this case from *Leonardo*, and it cannot do so.

Mr. Daugherity had express and implied authority to negotiate the bailment agreement with Telenor, without supervisory approval. In addition, Sec. Wood (and probably others) had authority and ratified the bailment agreement. Therefore, the government was bound by the agreement and must be held accountable for its breach.

Respectfully submitted,

/s/ Frederick W. Claybrook, Jr.

Frederick W. Claybrook, Jr.
(Counsel of Record)
Crowell & Moring LLP
1001 Pennsylvania Avenue NW
Washington, D.C. 20004
(202) 624-2500

Of Counsel

Barbara L. Spencer, Esq.
General Counsel
Telenor Satellite Services, Inc.
1101 Wootton Parkway, 10th Floor
Rockville, Maryland 20852

May 3, 2006

DCIWDMS: 2762543_1