IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| TELENOR SATELLITE SERVICES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05-528C |
| | ) | (Judge Baskir) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

JOINT STATUS REPORT

Pursuant to the Court's June 27, 2006 order, the parties submit this Joint Status Report.

Plaintiff's Statement:

With discovery complete and having received no indication that the Defendant wishes to pursue the settlement discussions proposed by Telenor, Telenor requests that this case proceed to trial in January 2007.

Defendant in its statement points out that it noticed the deposition of Mary Kim Baumgartner, who recently had a major surgery, is out of the office on disability, and was not available to be deposed before the discovery cut-off. Telenor suggested that it could produce a witness pursuant to Rule 30(b)(6) to discuss whatever matters might have been within the scope of Ms. Baumgartner's knowledge. Defendant did not avail itself of this option or any other permitted under the Rules. Although

Telenor is not opposed to reopening discovery for the limited purpose of deposing Ms. Baumgartner on defined, non-duplicative topics if she later becomes available in a timely way, Telenor is opposed to delaying trial to accommodate the request of the Defendant to depose her when it failed to avail itself of alternative discovery. Neither Ms. Baumgartner nor her treating physician are able to provide any estimate of when she might be available for a deposition.

Counsel for the parties have conferred to discuss the Defendant's stated intention to file a motion to compel documents relating to Telenor's direct costs of providing the voice and data services used by government representatives. These documents are irrelevant to the current action, and Telenor will oppose any such motion filed by Defendant.

Defendant reports that it expects to file a dispositive motion relating to the issue of whether Telenor should have mitigated its damages. This is a factual issue involving "reasonableness" considered in light of the "totality of the circumstances" on which the burden of proof rests on the Defendant and is not subject to a dispositive motion.

Therefore, Telenor requests that the Court disallow such a motion. If the Court permits the Defendant to file its dispositive motion, Telenor

requests a due date no later than October 10, 2006.

This dispute should proceed promptly to trial, with no more discovery and no more dispositive motions. Telenor estimates that a trial of this matter would be concluded within two days of its commencement and that any trial be held in Washington, D.C. Taking into account the pre-trial requirements outlined at Appendix A of the Rules, Telenor respectfully suggests that a trial in early January 2007 would be appropriate.

Defendant's Statement:

With respect to efforts to settle this case, defendant reported to the Court on June 23, 2006, that it had informed plaintiff that we would consider any written settlement proposal that plaintiff made. Plaintiff has not made any such proposal.

Defendant reports that, except for two items, discovery is complete. First, defendant intends to apply to the Court for an order compelling the production of documents that defendant has requested of plaintiff but that plaintiff has refused to produce.

Second, plaintiff's counsel has informed defendant that Mary Kim Baumgartner, whose deposition defendant has noticed, is, for medical reasons, unavailable to be deposed prior to the September 29, 2006

scheduled close of discovery. Defendant understood that the parties agreed that, if this case proceeds to trial and Ms. Baumgartner is well enough to be deposed, the parties would jointly request that the Court reopen the discovery period for the purposes of taking her deposition prior to trial. In view of plaintiff's statement with respect to Ms. Baumgartner, we apparently do not have that agreement. Regardless of the testimony that a person designated pursuant to Rule 30(b)(6) of the Rules of the United States Court of Federal Claims might provide, we are entitled to discover, through deposition of Ms. Baumgartner, the personal knowledge that Ms. Baumgartner has that is relevant to this case. Plaintiff has identified Ms. Baumgartner as one of the Telenor employees who were "significantly involved with the project that Telenor undertook [in March 2003] with the State Department," who "initially monitored traffic for the pilot program every two weeks," and who "developed, approved, monitored, or served as points of contact for the 'cooperative and joint effort' referenced in Exhibit A to the complaint;" that is, the DART pilot program that is the subject of this action. Appendix ("App.") 2-5 (Responses To Interrogatories Nos. 5, 6, 18). Therefore, we intend to request that the Court enlarge the time for

discovery for the purpose of taking Ms. Baumgartner's deposition until such time as she is able to provide testimony.

Defendant reports that this case should proceed to the briefing of any further dispositive motions and to preparation for trial, if necessary. Defendant expects to file a dispositive motion that includes briefing of the issue whether plaintiff could have avoided the costs that it seeks in this action, in view of incontrovertible evidence that plaintiff could have terminated at any time and with little effort the service for which it seeks recovery, but that it did not do so for business reasons unrelated to the DART pilot program. Defendant, therefore, proposes the following schedule for further proceedings:

| | |
|---|---|
| Filing of any dispositive motions: | October 31, 2006; |
| Trial, if necessary: | February 2007, or at a time reasonably subsequent to the deposition of Ms. Baumgartner. |

Defendant proposes that all other deadlines, including those for pretrial submissions, be governed by the Rules of the United States Court of Federal Claims. Defendant expects that a trial of this matter would be concluded within three days of its commencement, and requests that any trial be held in Washington, D.C.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Patricia M. McCarthy
PATRICIA M. MCCARTHY
Assistant Director

FREDERICK W. CLAYBROOK, JR.
Crowell & Moring LLP
1001 Penn. Ave., N.W.
Washington, D.C. 20004-2595
(202) 624-2500

Attorney for Plaintiff

September 29, 2006

s/Timothy P. McIlmail
TIMOTHY P. MCILMAIL
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Telephone: (202) 307-0361
Facsimile: (202) 514-7965

OF COUNSEL:
ONA M. HAHS
Attorney-Adviser
Department of State

Attorneys for Defendant

September 29, 2006

## Certificate of Filing

I hereby certify that on September 29, 2006, a copy of the foregoing Joint Status Report was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

# APPENDIX

# INDEX TO APPENDIX

PAGE(S)

Telenor's Responses To Defendant's First Set Of Interrogatories . . . . . . 1

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| TELENOR SATELLITE SERVICES, INC., Plaintiff, v. UNITED STATES, Defendant. | No. 05-528C<br>Baskir, J. |

TELENOR'S RESPONSES TO
DEFENDANT'S FIRST SET OF INTERROGATORIES

Plaintiff, Telenor Satellite Services, Inc. ("Telenor"), hereby submits the following objections and responses to Defendant's First Set of Interrogatories.

PRELIMINARY STATEMENT

Although Telenor has given the most complete responses it can at this time, it necessarily must reserve the right to amend and/or supplement these responses if it learns of additional or different information. In particular, and without limiting the generality of the foregoing, Telenor reserves the right to amend and/or supplement its responses based on information learned through discovery and as its own investigation of the facts proceeds.

responds to this Interrogatory as follows:

Lawrence Paul.

INTERROGATORY NO. 3:

Identify the person or persons who prepared the invoice that is part of Exhibit B to the complaint.

RESPONSE:

Subject to and without waiving its General Objections, Telenor further responds to this Interrogatory as follows:

Steve Teel at the request of Lawrence Paul.

INTERROGATORY NO. 4:

Identify the person or persons who immediately requested the return of Telenor's equipment in the Spring of 2003 when Telenor discovered that the equipment was left in Iraq, as described at page two of the letter that is Exhibit D to the complaint.

RESPONSE:

Subject to and without waiving its General Objections, Telenor responds to this Interrogatory as follows:

Lawrence Paul.

INTERROGATORY NO. 5:

Identify the Telenor employees who were "significantly involved with the project that Telenor undertook [in March 2003] with the State Department," as described in the attached September 4, 2003 email from Barbara Spencer to Lt. Col. Tauber.

RESPONSE:

Subject to and without waiving its General Objections, Telenor responds to this Interrogatory as follows:

Lawrence Paul, Kim Baumgartner, and Michelle Wagner-Suziedelis.

INTERROGATORY NO. 6:

Identify the Telenor employees who "initially monitored traffic for the pilot program every two weeks," as described in the attached September 4, 2003 email from Barbara Spencer to Lt. Col. Tauber.

RESPONSE:

Subject to and without waiving its General Objections, Telenor responds to this Interrogatory as follows:

Kim Baumgartner and Michelle Wagner-Suziedelis.

INTERROGATORY NO. 7:

Identify the date upon which Telenor ceased "monitor[ing] traffic for the pilot program every two weeks," as described in the attached September 4, 2003 email from Barbara Spencer to Lt. Col. Tauber.

RESPONSE:

Subject to and without waiving its General Objections, Telenor responds to this Interrogatory as follows:

An exact date is not known. See also Response to Interrogatory No. 8.

See Response to Interrogatory No. 14.

INTERROGATORY NO. 17:

Identify what steps Telenor took to "shut off the transmission capability of the equipment" as described in paragraph 10 of the complaint.

RESPONSE:

Subject to and without waiving its General Objections, Telenor responds to this Interrogatory as follows:

On June 10, 2003, Lawrence Paul sent an e-mail to Rick Sutkus and a member of Mr. Sutkus' staff requesting that they bar the terminals. Mr. Sutkus was the Senior Manager for Credit and Collections. A member of Mr. Sutkus' staff used Telenor's proprietary software system to bar any future traffic to or from the equipment from passing through a Telenor land-earth station. The effect of this command was to render the equipment incapable of transmission.

INTERROGATORY NO. 18:

Identify the person or persons at Global Relief Technologies, Panasonic, ESRI, and Telenor who developed, approved, monitored, or served as points of contact for the "cooperative and joint effort" referenced in Exhibit A to the complaint.

RESPONSE:

Subject to and without waiving its General Objections, Telenor responds to this Interrogatory as follows:

- Michael Gray (Global Relief Technologies): 603-422-7333; Michael.Gray@globalrelieftech.com

- Michael Krouse, District Sales Manager (Panasonic): 703-980-0973; Michael_Krouse@pt2ct.com
- David Gadsden, Federal Account Manager (ESRI): 703-506-9515, ext. 8033; dgadsden@ESRI.com
- Britt Horncastle, Former President (Telenor): 832-366-5335; bchorncastle@caprock.com
- Lawrence Paul (Telenor), 301-838-7786
- Kim Baumgartner (Telenor), 301-838-7706

Respectfully submitted,

Frederick W. Claybrook, Jr.
(Counsel of Record)
Peter J. Eyre
Crowell & Moring LLP
1001 Pennsylvania Avenue NW
Washington, D.C. 20004
(202) 624-2500

Of Counsel

Barbara L. Spencer, Esq.
General Counsel
Telenor Satellite Services, Inc.
1101 Wootton Parkway, 10th Floor
Rockville, Maryland 20852

August 3, 2006

VERIFICATION

My name is James W. Nussbaum. I am the Vice President of Telenor Satellite Services, Inc. I have reviewed the answers to the interrogatories set out in this document.

I declare under penalty of perjury that these responses are true and correct to the best of my knowledge and belief.

8/3/06
Date

James W. Nussbaum