IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| TELENOR SATELLITE SERVICES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05-528C |
| | ) | (Judge Baskir) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS

Defendant, the United States, pursuant to Rule 37(a)(2)(B) of the Rules of the United States Court of Federal Claims ("RCFC"), applies for an order compelling the production by plaintiff, Telenor Satellite Services, Inc. ("Telenor"), requested pursuant to RCFC 34. We have provided reasonable notice to Telenor that would we apply for such an order (Appendix ("App.") 1) and have conferred in good faith with Telenor in an effort to secure the documents without Court action (App. 2).

On July 7, 2006, we served upon Telenor our Request for the Production of Documents No. 4, requesting the production of:

> All documents reflecting the costs to Telenor of the use of Telenor's equipment by the Government, particularly documents reflecting time of use of the equipment, including

> any invoices or bills to Telenor from other companies, including companies related to Telenor.

App. 6 (emphasis added), App. 8. On July 11, 2006, we served upon Telenor our Request for the Production of Documents No. 12, requesting the production of:

> All documents reflecting any purchase by Telenor from any another [sic] company any part of the service provided to the users of Telenor's equipment during the period March through June 2003.

App. 10, 12. On August 4, 2006, Telenor served upon us Telenor's Responses To Defendant's First And Second Sets Of Requests For The Production Of Documents. App. 18. Telenor objected to both requests, arguing that they sought "documents that are not relevant to this action or calculated to lead to relevant information." App. 14-16. Telenor further objected that the requests sought "documents of a highly sensitive nature," and that "[i]t would be unduly burdensome for Telenor to comply" with the requests. App. 14-16.

Telenor's objections are not well-taken. A party may request from another party the production of documents. See RCFC 34(a)(1). A party may object to a request if it is irrelevant or unduly burdensome but, to prevail upon its objection, the objecting party must do more than simply

intone the familiar litany that the discovery sought is irrelevant or burdensome. See Pacific Gas & Elec. Co. v. United States, 69 Fed. Cl. 323, 325-26 (2005). The objecting party bears the burden of demonstrating specifically how, despite the broad and liberal construction afforded the Federal discovery rules, a request is not relevant and, by submitting affidavits or offering evidence revealing the nature of the burden, how responding to a request would be unduly burdensome. Id. Because Telenor objections to our Requests For The Production Of Documents Nos. 4 and 12 do nothing more than state those objections, the Court should order Telenor to respond to those requests by producing responsive documents.

Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. RCFC 26(b)(1). Relevant evidence is defined as that "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Rule 401 of the Federal Rules of Evidence. Relevance is construed more broadly for discovery than for trial. See Heat & Control, Inc. v. Hester Indus., Inc., 785 F.2d 1017, 1024 (Fed. Cir. 1986); Speller

v. United States, 14 Cl. Ct. 170, 172 (1988) (citing Heat & Control). Where there is doubt over relevance, the Court should be permissive. Heat & Control, 785 F.2d at 1024.

The documents that we seek are relevant because they would tend to establish what damages, if any, Telenor suffered as a result of the breach of contract alleged in this case. Damages for breach of contract should place the injured party in as good a position as if the breaching party had fully performed. BMY--Combat Sys. Div. of Harsco Corp. v. United States, 44 Fed. Cl. 141, 152 (1998) (citing Estate of Berg v. United States, 687 F.2d 377, 379 (Ct. Cl. 1982)). The injured party is entitled to recover those damages that are a foreseeable result of the breach. Id. Costs are recoverable damages if they result from, and are causally related to, the breach. See id. (citing River Constr. Corp. v. United States, 159 Ct. Cl. 254, 270 (1962) and Page v. United States, 120 Ct. Cl. 27, 57 (1951)).

Telenor seeks damages for breach of an alleged contract with the Government regarding the use of Telenor's terminals. Complaint ("Compl.") at 6, Count 1. It alleges that the Government used the terminals after a period specified by the contract and for purposes not specified in

the contract. Id. at 3-4 ¶ 10. Although, in its complaint, Telenor advances a theory of damages that is based upon the language of the alleged contract (id. at 2-3 ¶ 6; 6 ¶ 21), evidence of costs incurred by Telenor as a result of a breach of the alleged contract would have a tendency to demonstrate whether, and to what extent, Telenor suffered damage as a result of unauthorized use of the terminals. Invoices and other documents reflecting costs that Telenor incurred to other companies, including companies related to Telenor, would be evidence of such costs.

There is evidence that Telenor paid other companies for the use of the terminals that Telenor alleges were used without authorization, and that such evidence is readily available to Telenor. On May 9, 2003, Telenor's Director of Business Development Lawrence Paul (App. 22 at 16-21) wrote that Telenor's "total exposure to Inmarsat [related to the terminals] . . . is approximately $16,182.48." App. 19, App. 28 at 6-14. Mr. Paul testified in deposition on September 6, 2000, that third parties, including Inmarsat, invoiced Telenor for use of the terminals. App. 23 at 22; App. 24 at 1-10; App. 25 at 2-13. He also indicated that Telenor paid those bills. App. 26 at 19-21; App. 27 at 4-11.

Mr. Paul also testified that if he needed a copy of an invoice to Telenor, he would ask Telenor's Finance Department. App. 29 at 15-20. That testimony is an indication that production of documents such as invoices that are responsive to our Request for Production of Documents Nos. 4 and 12 would not be unduly burdensome. Finally, Telenor did not seek a protective order pursuant to RCFC 26(c)(7) to protect such documents from discovery.

For the foregoing reasons, we request that the Court order Telenor to produce to us all documents responsive to our Requests for Production of Documents Nos. 4 and 12, including the invoices referenced by Mr. Paul on September 6, 2006.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Patricia M. McCarthy
PATRICIA M. MCCARTHY
Assistant Director

s/Timothy P. McIlmail
TIMOTHY P. MCILMAIL
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20005
Telephone: (202) 514-4325
Facsimile: (202) 514-7965

OF COUNSEL:
ONA M. HAHS
Attorney-Adviser
Department of State

September 29, 2006

Attorneys for Defendant

Certificate of Filing

I hereby certify that on September 29, 2006, a copy of the foregoing Defendant's Motion To Compel Production Of Documents was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Timothy P. McIlmail