IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| TELENOR SATELLITE SERVICES, INC., Plaintiff, v. UNITED STATES, Defendant. | No. 05-528C<br>Baskir, J. |

TELENOR'S OPPOSITION TO DEFENDANT'S
MOTION TO ENLARGE DISCOVERY PERIOD

On September 8, 2006, Defendant's counsel noticed the deposition of Mary Kim Baumgartner. At that time, Ms. Baumgartner had only recently undergone major surgery, was absent from the workplace on short-term disability, and was not available to be deposed before the discovery cut-off of September 29, 2006. During the discovery period, Telenor offered to produce a witness pursuant to Rule 30(b)(6) to discuss whatever matters might have been within the scope of Ms. Baumgartner's knowledge. Defendant did not avail itself of this option or any other alternative permitted under the Rules (*e.g.*, targeted interrogatories).

As an initial matter, Defendant's motion is untimely. The Court specifies in its Special Procedures Order that "motions [for extensions of

time] should be filed sufficiently in advance of the due date . . . ." Order at 3. Defendant knew that Ms. Baumgartner was unavailable, yet it waited until the date of the discovery cut-off to file this motion. Contrary to Defendant's statement (at 2) that "Telenor had agreed" to request jointly that the Court reopen discovery to allow the deposition of Ms. Baumgartner, counsel for Telenor specifically told Defendant that it would not agree to delay the trial for this reason. Therefore, this Court should deny Defendant's motion because it is untimely.

Even if this Court considers the motion on the merits, it should be denied. Ms. Baumgartner is a cumulative, not a critical, witness. She assisted with several aspects of Telenor's work for the DART pilot program. She acted at the direction of Larry Paul and Britt Horncastle, both of whom the Defendant has already deposed. Ms. Baumgartner did not act independently when participating on this project, but, rather, she performed discrete administrative and ministerial functions at the direction of Mr. Paul or Ms. Horncastle. Defendant points (at 2) to several interrogatory responses to demonstrate Ms. Baumgartner's involvement with the program. However, there is no relevant phase of the program for which Ms. Baumgartner had primary or exclusive responsibility. Instead, she worked as part of a team, and she is unlikely to have knowledge that does

not overlap substantially with the knowledge of the other members of the team who have been deposed by the Defendant. Additionally, Telenor has already made available any and all documents in Ms. Baumgartner's possession that are responsive to the Defendant's document requests.

Although Telenor is not opposed to reopening discovery for the limited purpose of deposing Ms. Baumgartner on defined, non-duplicative topics if she later becomes available in a timely way, Telenor is opposed to delaying trial to accommodate the request of the Defendant to depose her.

It is common for witnesses to be unavailable for many reasons, including severe illness, and the Defendant should not be allowed to halt these proceedings and delay a trial because of the unavailability of one non-critical witness. The motion to enlarge the discovery period for the purpose of deposing Ms. Baumgartner should be denied.

Respectfully submitted,

Frederick W. Claybrook, Jr.
(Counsel of Record)
Peter J. Eyre
Crowell & Moring LLP
1001 Pennsylvania Avenue NW
Washington, D.C. 20004
(202) 624-2500

Of Counsel

Barbara L. Spencer, Esq.
General Counsel
Telenor Satellite Services, Inc.
1101 Wootton Parkway, 10th Floor
Rockville, Maryland 20852

October 11, 2006

## CERTIFICATE OF FILING

I certify that on October 11, 2006, a copy of the foregoing "TELENOR'S OPPOSITION TO DEFENDANT'S MOTION TO ENLARGE DISCOVERY PERIOD," was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Peter J. Eyre