IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| TELENOR SATELLITE SERVICES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05-528C |
| | ) | (Judge Baskir) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S REPLY TO TELENOR'S OPPOSITION TO
DEFENDANT'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS

In our motion to compel production of documents responsive to our Request for the Production of Documents Nos. 4 and 12, we demonstrated that the objections of plaintiff, Telenor Satellite Services, Inc. ("Telenor"), to those requests were not well-taken, for two reasons. First, we demonstrated that Telenor's objections merely intoned litanies regarding relevance, burden, and sensitivity without demonstrating, with evidence, how our requests were objectionable. Telenor does not respond to that demonstration. For that reason, alone, the Court should enter an order compelling production of documents responsive to our requests.

Second, we demonstrated that the documents that we requested were relevant, that their production would not be unduly burdensome, and that Telenor did not seek a protective order pursuant to Rule 26(c)(7) of the Rules of the United States Court of Federal Claims ("RCFC"), to protect

sensitive documents from discovery. By not responding to our demonstration regarding its burdensome and sensitivity objections, Telenor has abandoned those objections to our Requests for the Production of Documents Nos. 4 and 12, leaving only its argument that the documents that we requested are not relevant to this action.

In our motion to compel, however, we demonstrated that the documents that we requested are relevant to whether, and to what extent, Telenor suffered damage as a result of the breach of contract that it alleges in this action. Relevance is construed more broadly for discovery than for trial, and where there is doubt over relevance, the Court should be permissive. See Heat & Control, Inc. v. Hester Indus., Inc., 785 F.2d 1017, 1024 (Fed. Cir. 1986). Moreover, damages for breach of contract should place the injured party in as good a position as if the breaching party had fully performed. BMY--Combat Sys. Div. of Harsco Corp. v. United States, 44 Fed. Cl. 141, 152 (1998) (citing Estate of Berg v. United States, 687 F.2d 377, 379 (Ct. Cl. 1982)). Costs are recoverable damages if they result from, and are causally related to, the breach. See id. (citing River Constr. Corp. v. United States, 159 Ct. Cl. 254, 270 (1962), and Page v. United States, 120 Ct. Cl. 27, 57 (1951)). The documents that we

requested – invoices and other documents reflecting costs that Telenor incurred to other companies, including companies related to Telenor as a result of unauthorized use of its terminals – would be evidence of such costs.

At pages 3 and 4 of its response to our motion, citing cases such as Urban Data Systems, Inc. v. United States, 699 F.2d 1147, 1154 (Ct. Cl. 1983), and Cities Service Gas Co. v. United States, 500 F.2d 448, 457 (Ct. Cl. 1974), Telenor relies upon alternate theories of damages (such as quantum valebant and quantum meruit), that do not rely upon a contract term for their measure of damages. In this action, however, Telenor, alleges that its damages are specified by the language of an alleged written contract. In its complaint, Telenor alleges, quoting Exhibit A to the complaint, that "[t]he requirement for authorization by Telenor of any other use of the bailed equipment and the amount due for any other use were also specified in the Contract: . . . '[i]n the event that the terminals should be used for other purposes, Telenor will provide service to the user at agreed upon service rates.'" Complaint at 3 ¶ 6 (emphasis added). Telenor also alleges that "[t]he State Department . . . must pay the amount specified in the Contract as damages . . . ." Id. at 6 ¶ 21 (emphasis

added). The Court has not yet determined the meaning or validity of the language of the alleged contract upon which Telenor bases its theory of damages; consequently, Telenor's attempt to withhold evidence of a possible measure of damages–the costs it incurred from use of the equipment after the period specified in the contract–is premature.

In addition, Telenor's "oranges" analogy is inapt. A "user" of oranges can consume them without the participation of the provider of the oranges; the user can simply eat the oranges. We expect that the evidence will demonstrate that Telenor's equipment, on the other hand, had no comparably "inherent" use. Rather, Telenor's equipment could only be used if Telenor provided the satellite communications service that made that equipment useful. We expect, therefore, that the evidence will demonstrate that a more apt analogy to this case is a 60-day "free trial period" sales promotion that a seller unilaterally extends beyond the initial trial period in the hope that the potential customer will purchase its product.

In view of the broad construction of relevancy for purposes of discovery, the relatively still-early stage of this litigation, and the lack of any showing that production of the documents that we seek will unduly burden

Telenor or require it to disclose sensitive information, the Court should order Telenor to produce documents those documents.

For the foregoing reasons and those set forth in our motion, we request that the Court order Telenor to produce to us all documents responsive to our Requests for Production of Documents Nos. 4 and 12, including the invoices referenced by Lawrence Paul in deposition testimony that he provided on September 6, 2006.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Patricia M. McCarthy
PATRICIA M. MCCARTHY
Assistant Director

s/Timothy P. McIlmail
TIMOTHY P. MCILMAIL
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20005
Telephone: (202) 616-0342
Facsimile: (202) 514-7965

OF COUNSEL:
ONA M. HAHS
Attorney-Adviser
Department of State

October 23, 2006

Attorneys for Defendant

Certificate of Filing

I hereby certify that on October 23, 2006, a copy of the foregoing Defendant’s Reply To Telenor’s Opposition To Defendant's Motion To Compel Production Of Documents was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Timothy P. McIlmail