IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| TELENOR SATELLITE SERVICES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05-528C |
| | ) | (Judge Baskir) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S REPLY TO TELENOR'S
OPPOSITION TO DEFENDANT'S MOTION TO
ENLARGE DISCOVERY PERIOD FOR THE PURPOSE OF
TAKING THE DEPOSITION OF MARY KIM BAUMGARTNER

In its motion to enlarge the discovery period for the purpose of taking the deposition of Mary Kim Baumgartner, defendant, the United States, demonstrated that Ms. Baumgartner was one of the employees of plaintiff, Telenor Satellite Services, Inc. ("Telenor"), who were significantly involved with the project that is the subject of this action. Telenor does not dispute that. Telenor also does not object to reopening discovery for a deposition of Ms. Baumgartner. Rather, Telenor argues that there should be conditions upon such a deposition because, it argues, Ms. Baumgartner is a cumulative, non-critical witness. Telenor's Opposition To Defendant's Motion To Enlarge Discovery Period ("Pl. Opp.") at 2-3.

The Court should reject any call for conditions upon a deposition of Ms. Baumgartner, for three reasons. First, although a party may object to

a witness providing testimony at trial upon that ground that, even if relevant, the witness's testimony would be cumulative, see Federal Rule of Evidence 403, the standard for discovery is relevance, not whether evidence sought to be discovered is cumulative. See Rule 26(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC").

Second, even assuming for the sake of argument that a party could shield a witness from deposition by unilaterally labeling the witness's testimony "cumulative" (and Telenor cites to no authority for that proposition), Telenor does not support its contention that Ms. Baumgartner is a cumulative, non-critical witness with any evidence, much less any testimony (even in affidavit form) of Ms. Baumgartner. Even if it had, the Government would be entitled to test that evidence through cross-examination. See RCFC 30(a)(1). Only the taking of Ms. Baumgartner's testimony can determine the extent of her personal knowledge of the subject matter of this action and whether her testimony is cumulative; that is, whether her testimony supports or contradicts other evidence, such as the testimony of other Telenor personnel. Third, Telenor has not sought a protective order pursuant to RCFC 26(c) to place any conditions upon a deposition of Ms. Baumgartner.

Telenor also argues that, pursuant to the Court's Special Procedures Order, our request for an enlargement is untimely because, it argues, the request was not made "sufficiently in advance of the due date." Pl. Opp. at 1-2. However, our motion set forth the circumstances that lead to the filing of our request on September 29, 2006, the same day that discovery closed. We demonstrated that, on September 8, 2006, we noticed the deposition of Ms. Baumgartner, and that, on September 13, 2006, counsel for Telenor informed us that Ms. Baumgartner was, for medical reasons, unavailable to be deposed. We demonstrated that, on September 21, 2006, we proposed that Telenor agree that, if this case is scheduled for trial, the parties will jointly request that the court reopen the discovery period for the purposes of taking Ms. Baumgartner's deposition. We explained that we later understood that Telenor had agreed to that proposal.

Then we pointed to Telenor's statement in the parties' September 29, 2006 Joint Status Report that it was "not opposed to reopening discovery for the limited purpose of deposing Ms. Baumgartner on defined, non-duplicative topics." That statement, which Telenor provided to us only on September 29, 2006 (Supplemental Appendix ("Supp. App.") 1-2),

indicated to us that Telenor had belatedly conditioned its agreement to reopen discovery for the purpose of deposing Ms. Baumgartner. Therefore, we decided, it was prudent to request an enlargement of the discovery period to be able to depose Ms. Baumgartner without conditions. (Although Telenor advances no other argument based upon the June 5, 2005 Special Procedures Order, we acknowledge that, regrettably, we did not send a courtesy copy of our motion by facsimile, and did not request leave of Court to file the motion, as set forth in ¶ 7 of that order. In the effort to draft, support with evidence, obtain review of, and file the request for that enlargement between determining the need for it and the close of discovery, lead counsel for the Government neglected to review the Special Procedures Order for requirements for motions to enlarge in addition to those set forth in RCFC 6 and 6.1.)

Telenor states that it is opposed to delaying trial for the purpose of deposing Ms. Baumgartner. Pl. Opp. at 3. The Court has not scheduled a trial date in this case, and we have requested an enlargement that would allow for the deposition to take place, if Ms. Baumgartner becomes available, ahead of a trial in February 2007.

In short, Telenor has identified Ms. Baumgartner as one of the Telenor personnel who possess the most personal knowledge of the subject matter of this action. Appendix To Defendant's Motion To Enlarge Discovery Period For Purposes Of Taking The Deposition Of Mary Kim Baumgartner ("App.") 5-8 (Responses To Interrogatories Nos. 5, 6, 18). The evidence supports that: the testimony of Telenor's former president indicates that Ms. Baumgartner was one of the persons involved in Telenor's decision to bill the State Department for services provided from May 11, 2003. Supp. App. 5 at 19-20; 6 at 20-22; 7 at 9-16; 8 at 7-12. In view of that evidence, Telenor's disclosure that Ms. Baumgartner was significantly involved in the project that is the subject matter of this action, the lack of any demonstration of prejudice to Telenor from a deposition of Ms. Baumgartner, the lack of any date for trial of this action, and Telenor's agreement, in principal, to a deposition of Ms. Baumgartner, we respectfully request that the Court enlarge the discovery period for the purpose of taking Ms. Baumgartner's deposition upon any matter relevant to this action.

For these reasons and those set forth in our motion, the United States respectfully requests that the Court grant this motion for an

enlargement of time and enlarge the discovery period by 119 days, to and including Friday, January 26, 2007, for the sole purpose of allowing the Government to take the deposition of Mary Kim Baumgartner.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Patricia M. McCarthy
PATRICIA M. MCCARTHY
Assistant Director

s/Timothy P. McIlmail
TIMOTHY P. MCILMAIL
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20005
Telephone: (202) 616-0342
Facsimile: (202) 514-7965

OF COUNSEL:
ONA M. HAHS
Assistant Legal Adviser
Department of State

October 24, 2006

Attorneys for Defendant

Certificate of Filing

I hereby certify that on October 24, 2006, a copy of the foregoing Defendant’s Reply To Telenor’s Opposition To Defendant's Motion To Enlarge Discovery Period For Purposes Of Taking The Deposition Of Mary Kim Baumgartner was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Timothy P. McIlmail