# SUPPLEMENTAL APPENDIX TO DEFENDANT'S MOTION TO ENLARGE DISCOVERY PERIOD FOR PURPOSES OF TAKING THE DEPOSITION OF MARY KIM BAUMGARTNER

# INDEX TO SUPPLEMENTAL APPENDIX

PAGE(S)

Electronic Mail Of Peter Eyre To Timothy P. McIlmail,
Sept. 29, 2006 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Transcript of Deposition Of Britt C. Horncastle,
Sept. 19, 2006 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

**McIlmail, Timothy (CIV)**

| | |
|---|---|
| **From:** | PEyre@crowell.com |
| **Sent:** | Friday, September 29, 2006 10:26 AM |
| **To:** | McIlmail, Timothy (CIV) |
| **Cc:** | RClaybrook@crowell.com |
| **Subject:** | RE: Telenor Satellite Services, Inc. v. United States, No. 05-528C (Fed. Cl.) |
| **Attachments:** | 2861143_Telenor_s JSR insert.DOC |

2861143_Telenor_s JSR insert.D...

Tim:

Attached is Telenor's JSR insert. If you make any modifications to your statement, we would appreciate the opportunity to view your revisions, so that we may modify our statement if appropriate.

Best,
-Peter

-----Original Message-----
From: Timothy.McIlmail@usdoj.gov [mailto:Timothy.McIlmail@usdoj.gov]
Sent: Thursday, September 28, 2006 11:08 AM
To: Claybrook, Rick
Cc: Eyre, Peter
Subject: Telenor Satellite Services, Inc. v. United States, No. 05-528C (Fed. Cl.)

Draft JSR.

Plaintiff's Statement:

With discovery complete and having received no indication that the Defendant wishes to pursue the settlement discussions proposed by Telenor, Telenor requests that this case proceed to trial in January 2007.

Defendant in its statement points out that it noticed the deposition of Mary Kim Baumgartner, who recently had a major surgery, is out of the office on disability, and was not available to be deposed before the discovery cut-off. Telenor suggested that it could produce a witness pursuant to Rule 30(b)(6) to discuss whatever matters might have been within the scope of Ms. Baumgartner's knowledge. Defendant did not avail itself of this option or any other permitted under the Rules. Although Telenor is not opposed to reopening discovery for the limited purpose of deposing Ms. Baumgartner on defined, non-duplicative topics if she later becomes available in a timely way, Telenor is opposed to delaying trial to accommodate the request of the Defendant to depose her when it failed to avail itself of alternative discovery. Neither Ms. Baumgartner nor her treating physician are able to provide any estimate of when she might be available for a deposition.

Counsel for the parties have conferred to discuss the Defendant's stated intention to file a motion to compel documents relating to Telenor's

direct costs of providing the voice and data services used by government representatives. These documents are irrelevant to the current action, and Telenor will oppose any such motion filed by Defendant.

Defendant reports that it expects to file a dispositive motion relating to the issue of whether Telenor should have mitigated its damages. This is a factual issue involving "reasonableness" considered in light of the "totality of the circumstances" on which the burden of proof rests on the Defendant and is not subject to a dispositive motion. Therefore, Telenor requests that the Court disallow such a motion. If the Court permits the Defendant to file its dispositive motion, Telenor requests a due date no later than October 10, 2006.

This dispute should proceed promptly to trial, with no more discovery and no more dispositive motions. Telenor estimates that a trial of this matter would be concluded within two days of its commencement and that any trial be held in Washington, D.C. Taking into account the pre-trial requirements outlined at Appendix A of the Rules, Telenor respectfully suggests that a trial in early January 2007 would be appropriate.

UNITED STATES OF AMERICA
COURT OF FEDERAL CLAIMS

-----------------------------X

Telenor Satellite :

Services, INC., :

Plaintiff, : 05-528-C

v. :

UNITED STATES OF AMERICA, :

Defendant. :

-----------------------------X

Washington, D.C.

Tuesday, September 19, 2006

Deposition of BRITT C. HORNCASTLE, a witness herein, called for examination by counsel for Defendant in the above-entitled matter, pursuant to notice, the witness being duly sworn by DENNIS A. DINKEL, a Notary Public in and for the District of Columbia, taken at the offices of Crowell & Moring, 1001 Pennsylvania Avenue, N.W., Washington, D.C. at 9:03 a.m., Tuesday, September 19, 2006, and the proceedings being taken down by Stenotype by DENNIS A. DINKEL, FAPR, CRR, and transcribed under his direction.

P R O C E E D I N G S

Whereupon,

BRITT C. HORNCASTLE,

business address at 12001 Piney Glen Lane, Potomac, Maryland 20854, was called as a witness by counsel for Defendant, and having been duly sworn by the Notary Public, was examined and testified as follows:

EXAMINATION BY COUNSEL FOR DEFENDANT

BY MR. McILMAIL:

Q. Good morning. I'm Tim McIlmail. I'm an attorney at the Department of Justice at 1100 L Street. My phone number is 202-617-3042. And today we're here for the deposition of Britt Horncastle. Ms. Horncastle is in the room, along with Peter Eyre from Crowell & Moring, Barbara Spencer from Telenor, Fred Claybrook from Crowell & Moring, Ona Hahs from the State Department, and the court reporter.

Would you state your name, Ms. Horncastle?

A. Britt Carina Horncastle.

MR. EYRE: Let me state for the record all objections are reserved, except those regarding form.

Q. Any background in computers?
A. No.
Q. When did you begin working with Telenor?
A. 1997.
Q. Which Telenor was that?
A. Telenor Satellite Services in Oslo.
Q. What about Telenor Satellite Services Incorporated in Rockville? Did you ever work for them?
A. Yes.
Q. When did you work for them?
A. I started working for them -- I was seconded from Telenor Satellite Services in Oslo to the U.S. in August of 2001.
Q. Were you seconded to them as president of Telenor Satellite Services Incorporated?
A. I was seconded as chief executive officer and president of Telenor Satellite Services Holdings, Inc.
Q. Holdings? Did you ever hold a position with Telenor Satellite Services, Incorporated?
A. I was the president.

the terminals, right?

A. Uh-huh. For the use of the terminals after the program ended, yes. Because we did not invoice for March and April and beginning of May.

Q. Right. And the second page explains that the period for which the State Department is being charged begins on May 11, right?

A. Yes.

Q. Who at Telenor made the decision to start the charges on May 11?

A. I think I was part of making that decision.

Q. Who else was part of it?

A. Probably Larry. Maybe also Kim. Maybe also Barbara. I can't recall. I think there were several of us that agreed that that was two months.

Q. I'm not interested in knowing about the content of any -- any conversations that were had with Barbara, either between you and Barbara or you and other people and Barbara, unless those conversations were had with people not employed by Telenor as well.

A. Okay.
Q. Do you understand what I mean?
A. Okay.
Q. So I'm only interested in conversations that you had with people outside of Barbara's presence.
So did you have conversations with people outside of Barbara's presence regarding when the -- when to start charging the State Department?
A. Yes. We talked about it internally.
Q. Who did you talk to?
A. As I said, Larry. Probably Larry, Kim, I cannot recall if there were others.
Q. And who said what?
A. I can't recall, sir. I'm sorry. Exactly what was said.
Q. Well, who, for lack of a better phrase, ran the conversation about -- upon what date to start charging the State Department?
A. I can't recall who ran the conversation. I am not familiar with, you know, with that word and certainly not in this context. I think there were

*CERTIFICATE OF REPORTER*

*UNITED STATES OF AMERICA ) ss.:*

*DISTRICT OF COLUMBIA )*

I, DENNIS A. DINKEL, the officer before whom the foregoing deposition was taken, do hereby certify that the witness whose testimony appears in the foregoing deposition was duly sworn by me; that the testimony of said witness was taken by me to the best of my ability and thereafter reduced to typewriting under my direction; that I am neither counsel for, related to, nor employed by any of the parties to the action in which this deposition was taken, and further that I am not a relative or employee of any attorney or counsel employed by the parties thereto, nor financially or otherwise interested in the outcome of the action.

*Notary Public in and for*

*the District of Columbia*

*My commission expires: 04/30/2007*