IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| TELENOR SATELLITE SERVICES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05-528C |
| | ) | (Judge Baskir) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S REPLY TO TELENOR'S OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO FILE DISPOSITIVE MOTION

In its October 26, 2006, motion, defendant, the United States, respectfully requested leave to file a dispositive motion upon the issue whether plaintiff, Telenor Satellite Services, Inc. ("Telenor") could have avoided the costs that it seeks in this action. Telenor opposes this request, but does not argue that such a motion could not meet the standard for a dispositive motion.

For example, Telenor does not argue that the Government could not prove that there is no genuine dispute as to any material fact and that it is entitled to judgment as a matter of law, as would be required for entry of summary judgment in its favor pursuant to Rule 56(c) of the Rules of the United States Court of Federal Claims. Nor does it expressly state that the principal of avoidance does not apply to this case. Indeed, it cannot reasonably take that position: a party cannot recover damages for loss that

it could have avoided by reasonable efforts. Indiana Michigan Power Co. v. United States, 422 F.3d 1369, 1375 (Fed. Cir. 2005).

Rather, Telenor appears to argue that a dispositive motion upon the principle of avoidance would delay a trial, and argues that such a motion would delay resolution of this matter. However, summary judgment is a salutary method of disposition designed to secure the just, speedy and inexpensive determination of every action, Sweats Fashions, Inc. v. Pannill Knitting Co., Inc., 833 F.2d 1560, 1562 (Fed. Cir. 1987), and of avoiding an unnecessary trial when the movant is clearly entitled to judgment as a matter of law. Quad Envtl. Techns. Corp. v. Union Sanitary Dist., 946 F.2d 870, 872 (Fed. Cir. 1991). That is what we expect a dispositive motion will demonstrate: that the expense of trial is unnecessary in this action because the Government is clearly entitled to judgment as a matter of law. As for delaying a trial, no trial has yet been scheduled in this action.

The Government was ready to file a dispositive motion upon the issue of avoidance on October 31, 2006, and is ready to file that motion immediately. (Pursuant to the Court's order, on November 1, 2006, we attached that motion to our re-filed motion for leave to file a dispositive motion.) Telenor presents no good reason that such a motion should not

be allowed. The Government proposes that Telenor be allowed 28 days to respond to such a motion, and that the Government be allowed 14 days to reply to Telenor's response to such a motion. For these reasons and those set forth in our motion, the Government respectfully requests leave to file a dispositive motion in this action.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Patricia M. McCarthy
PATRICIA M. MCCARTHY
Assistant Director

s/Timothy P. McIlmail
TIMOTHY P. MCILMAIL
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20005
Telephone: (202) 616-0342
Facsimile: (202) 514-7965

OF COUNSEL:
ONA M. HAHS
Attorney-Adviser
Department of State

November 2, 2006

Attorneys for Defendant

Certificate of Filing

I hereby certify that on November 2, 2006, a copy of the foregoing Defendant's Reply To Telenor's Opposition To Defendant's Motion For Leave To File Dispositive Motion was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Timothy P. McIlmail