IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| TELENOR SATELLITE SERVICES, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 05-528C |
| | ) | (Judge Baskir) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

PROTECTIVE ORDER

The Court hereby orders that disclosure of proprietary, highly confidential and competitively sensitive business information about the operation of Telenor, such as that contained in invoices and cost documents to be produced by Telenor pursuant to the Court's November 9, 2006 Order, shall be subject to the following conditions:

1. This Protective Order shall be binding upon the parties' counsel, agents, consultants, and representatives, and any other persons authorized to act on the parties' behalf in connection with the above-captioned litigation, and shall remain in force and effect until modified, superseded, or terminated by written agreement of both Plaintiff and Defendant or order of the Court.

2. With the exception of circumstances set forth in paragraph 5 of this Protective Order, the invoices and cost documents produced by Telenor pursuant to the Court's November 9, 2006, Order may be used by Defendant solely for purposes of this litigation, including any appeals, and not for any other purpose or function.

3. The invoices and cost documents may be disclosed by Defendant only to the following:

   (a) The Court, and any witness called during any hearing or trial; and in the case of a hearing or trial, Defendant must notify Plaintiff that it intends to disclose protected documents, and disclosure shall be subject to such protective order as the Court, upon Plaintiff's motion, may enter;

   (b) Defendant's counsel of record and other necessary Department of Justice personnel connected with the above-captioned litigation;

   (c) Agency counsel involved in this litigation, and other agency personnel assisting in this litigation, provided that

they are not permitted to retain any copies, excerpts, or summaries of the documents upon the conclusion of the above-captioned litigation;

(d) Experts and consultants who are employed, retained, or otherwise consulted by Defendant in connection with the defense of the above-captioned litigation;

(e) Stenographers for the purposes of taking depositions in connection with the above-captioned litigation; and

(f) Any other individual or entity as to whom Plaintiff and Defendant agree in writing.

4. Disclosure by Defendant to any individual or entity set forth in paragraphs 3(c), 3(d), and 3(f) may not be made until such individual or entity has been given a copy of this Protective Order and has acknowledged in writing in the form of the Undertaking (attached hereto as Exhibit A) that he or she or it has received a copy of this Protective Order, has reviewed it, will comply with its terms in all respects, and subjects himself or herself or itself to the Court's jurisdiction for the purpose of enforcement proceedings if he or she or it violates this

Protective Order. Counsel of record for Defendant shall maintain the executed Undertaking forms in a secure file and shall not destroy them except by agreement of Plaintiff or order of the Court.

5. Nothing contained in this Protective Order shall prevent or in any way limit or impair the right of counsel for the United States to disclose to any agency of the United States (including other divisions and branches of the Department of Justice) any document or information regarding any potential violation of law or regulation (including relating to fraud) or, subject to the procedures that maintain the confidentiality of protected information consistent with this Protective Order, prevent or limit in any way the use of such documents and information by an agency in any proceedings regarding any potential violation of law or regulation (including relating to fraud).

6. At the conclusion of this litigation, including any appeals, all copies of the documents subject to this Protective Order shall be returned to Plaintiff's counsel or destroyed, with the exception of copies retained in the files that the Department of Justice maintains for this case or retained for purposes set forth in paragraph 5, with certification provided to Plaintiff's counsel.

7. The provisions of this Protective Order shall survive the termination of this litigation, and the Court retains jurisdiction to enforce the terms thereof.

8. Protected information may be provided only to the Court and to individuals authorized by this Protective Order. Parties may file protected information electronically, under seal. If provided other than by electronic filing with the Court, the information must be in a sealed parcel containing the legend "PROTECTED INFORMATION ENCLOSED" conspicuously placed on the outside of the parcel containing the information. A copy of the certificate of service identifying the document being filed should be attached to the front of each parcel.

(a) The first page of each document containing protected information is to be clearly marked as follows:

Protected Information to be Disclosed Only in Accordance with U.S. Court of Federal Claims Protective Order

The party claiming protection must identify the specific portion of the information for which it is claiming protection.

(b) Any courtesy copies of protected information that are filed with the Court for use by the judge should be marked as such.

(c) The Court will maintain properly marked protected pleadings or information under seal.

9. A party that files a pleading in accordance with paragraph 8 hereof shall promptly serve on each other party a proposed redacted copy of the pleading with the claimed protected information deleted and clearly marked "Proposed Redacted Copy" in the upper right-hand corner of the first page.

(a) Within two business days after their receipt of the proposed redacted copy, other parties shall advise the party originating the pleading of any additional redactions

they require. The originating party shall promptly provide each party with a copy of the pleading from which all information that any party has requested be redacted has been redacted and clearly marked "Agreed-Upon Redacted Copy - May Be Made Public" in the upper right-hand corner of the page. During the two-day period, the proposed redacted copy shall be treated as protected. At the expiration of the two-day period, or when agreement is reached, the agreed-upon redacted copy shall be filed with the Court by the originating party.

(b) Any party at any time may serve on the other parties a proposed redacted copy of any document (other than a pleading, to which paragraph 9(a) applies) filed with the Court or of any document produced or generated in discovery whether or not filed with the Court and shall clearly mark the document in the manner provided above. The other parties shall respond promptly, advising the serving party of any additional redactions they require.

The serving party shall proceed as provided in the last sentence of paragraph 9(a).

10. Any party may at any time object to another party's designation of particular information as protected. If the parties are unable to resolve the matter by agreement, counsel for the objecting party may submit the matter to the Court for resolution. Until the Court resolves this matter, the disputed information shall be treated as protected.

11. All copies of such documents and of pleadings referring to protected information shall be clearly labeled in the manner required by paragraph 8 of this Protective Order.

12. Each person covered by this Protective Order shall take all necessary precautions to prevent disclosure of protected information, including but not limited to physically securing, safeguarding and restricting access to the protected information. The confidentiality of information learned pursuant to this Protective Order shall be maintained in perpetuity.

13. Telenor may at any time waive the protection of this Protective Order with respect to any and all such information by so advising counsel for the Government in writing, identifying with specificity the information to which this Protective Order shall no longer apply.

14. Nothing contained in this Protective Order shall preclude a party from seeking relief from this Protective Order through the filing of an appropriate motion with the Court that sets forth the basis for the relief sought.

15. If a party determines that a previously produced document inadvertently was not identified as containing protected information, the producing party shall give notice in writing that the document is to be treated as protected, and thereafter the designated document shall be treated in accordance with this Protective Order.

IT IS SO ORDERED.

____________________________

Judge Lawrence M. Baskir

Exhibit A

UNDERTAKING

I hereby certify that I have been provided a copy of and have read the Protective Order issued by the Court in the case of Telenor Satellite Services, Inc. v. United States, No. 05-528C, now pending in the United States Court of Federal Claims. I agree to comply with and to be bound in all respects by the Protective Order's provisions respecting the use of Telenor's proprietary information, namely invoices and cost documents, including the requirement that I will destroy all copies of any such documentation (with certification of destruction provided to Defendant's counsel) or alternatively return any such documentation to Defendant's counsel at the conclusion of my involvement with this litigation. I also agree to subject myself to the jurisdiction of the Court for the purposes of enforcement of the provisions of the Order.

______________________________
Name (print or type)

______________________________
Signature

______________________________
Date